**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

FILED

~~Jacksonville~~ Division

**CIVIL RIGHTS COMPLAINT FORM**

2009 SEP 17 A 11: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Damien D. Jones # Y02506 _____

CASE NUMBER: 3:09-cv-948-J-34JRK
(To be supplied by Clerk's Office)

_____

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

Milton Hicks _____

Luther Polhill _____

S.T. Robinson _____

Dwight Mallard _____
(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).
_____ /

Philip Jefferson _____

Julian Aviles _____

Shawn E. Swain _____

M. Bestoso _____

Jerry V. Davis _____

John Crews _____

Aaron Coleman _____

Officer Hodges _____

Officer Lynch _____

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.   PLACE OF PRESENT CONFINEMENT: Union Correctional Institution,
     (Indicate the name and location)

     7819 N.W. 228th Street. Raiford, Florida 32026 _____

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (X) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

DC 225 (Rev. 9/03)                          1

"NAMES OF DEFENDANT'S" SECTION... CONTINUED FROM PAGE #1.


OFFICER CAVANAUGH
SERGEANT MANNING
LIEUTENANT M. CURTIS
DOCTOR KAUFMAN
DOCTOR BIRT


-ALL DEFENDANT'S ARE SUED IN THEIR "INDIVIDUAL CAPACITIES".

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:</u>

<u>General Grievance</u>

> 1. Informal Grievance (Form DC3-005)
> 2. Formal Grievance (Form DC1-303)
> 3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions:</u>

A.   <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

> 1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )
>
> 2. If so, you must attach a copy of the grievance and response to this Complaint form.
>
> 3. Were you denied emergency status? Yes (X) No ( )
>
> > a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (X) No ( )
> >
> > b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.   <u>Informal Grievance</u> (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes (X) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.   Formal Grievance (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes (X) No ( )

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.   Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (X) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __19ᵀᴴ__ day of __AUGUST_____, 2 _009___.

_____
Signature of Plaintiff

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

 1. What steps did you take? _____

 _____

 2. What were the results? _____

 _____

 3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

_____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __19TH__ day of __AUGUST_____, 2 _009_ .

_Damien D. Jones_
Signature of Plaintiff

DC 225 (Rev. 9/03)                                4

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): DAMIEN D. JONES

Defendant(s): BENITO EDOUARD et. al.

2.   Court (if federal court, name the district; if state court, name the county):

OCALA DIVISION (MIDDLE DESTRICT)

3.   Docket Number: 5:08-cv-92-Oc-10GRJ

4.   Name of judge: HONORABLE GARY R. JONES

5.   Briefly describe the facts and basis of the lawsuit: REFUSAL OF MEDICAL TREATMENT.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

ITS STILL PENDING

7.   Approximate filing date: FEBUARY 1, 2008.

8.   Approximate disposition date: N/A

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

"PREVIOUS LAWSUITS" SECTION IV - CONTINUED FROM PAGE #5

1. PARTIES TO PREVIOUS LAWSUITS:
   PLAINTIFF: DAMIEN D. JONES
   DEFENDANTS: MARK SCIMITARRA
   COURT: FORT MYERS DIVISION (SOUTHERN DISTRICT)
   DOCKET NUMBER: 2:98-CV-0235-WTH
   BASIS OF THE LAWSUIT: EXCESSIVE FORCE CLAIM AGAINST OFFICER
   DISPOSITION: PLAINTIFF FAILED TO PROPERLY EXECUTE AND SERVE PROCESS
                 OF SERVICE OF THE COMPLAINT.

2. PLAINTIFF: DAMIEN D. JONES
   DEFENDANTS: MS. COOPER, et. al.
   COURT: FORT MYERS DIVISION (SOUTHERN DISTRICT)
   DOCKET NUMBER: 2:99-CV-002-HES
   BASIS OF THE LAWSUIT: DENIAL OF MEDICAL TREATMENT
   DISPOSITION: PLAINTIFF FAILED TO PROPERLY EXECUTE AND SERVE
                 PROCESS OF SERVICE OF THE COMPLAINT.

No

V.  **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: DAMIEN D. JONES

Mailing address: 7819 N.W. 228TH STREET

RAIFORD, FLORIDA 32026

B.  Additional Plaintiffs: _____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: MILTON HICKS

Mailing Address: 7819 N.W. 228TH STREET

RAIFORD, FLORIDA 32026

Position: WARDEN

Employed at: UNION CORRECTIONAL INSTITUTION

D.  Defendant: LUTHER POLHILL

Mailing Address: 7819 N.W. 228TH STREET

RAIFORD, FLORIDA 32026

Position: ASSISTANT WARDEN

Employed at: UNION CORRECTIONAL INSTITUTION

DC 225 (Rev. 9/03)                    6

E. **Defendant:** S.T. ROBINSON

   **Mailing Address:** 7819 N.W. 228TH STREET

   RAIFORD, FLORIDA 32026

   **Position:** ASSISTANT WARDEN

   **Employed at:** UNION CORRECTIONAL INSTITUTION

F. **Defendant:** DWIGHT MALLARD

   **Mailing Address:** 7819 N.W. 228TH STREET

   RAIFORD, FLORIDA 32026

   **Position:** CORRECTIONAL OFFICER "COLONEL"

   **Employed at:** UNION CORRECTIONAL INSTITUTION

G. **Defendant:** PHILIP JEFFERSON

   **Mailing Address:** 7819 N.W. 228TH STREET

   RAIFORD, FLORIDA 32026

   **Position:** CORRECTIONAL OFFICER "MAJOR"

   **Employed at:** UNION CORRECTIONAL INSTITUTION

"PARTIES"   SECTION V — CONTINUED FROM PAGE # 6

F. DEFENDANT: JULIAN AVILES
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026

   POSITION: CHIEF HEALTH OFFICER
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


G. DEFENDANT: SHAWN E. SWAIN
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026

   POSITION: CORRECTIONAL OFFICER "LIEUTENENT"
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


H. DEFENDANT: M. BESTOSO
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026

   POSITION: MEDICAL NURSE
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


I. DEFENDANT: JERRY K. DAVIS
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026

   POSITION: CORRECTIONAL OFFICER "SERGEANT"
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


J. DEFENDANT: JOHN CREWS
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026

   POSITION: CORRECTIONAL OFFICER
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION

"PARTIES" SECTION V - CONTINUED FROM PAGE # 6

K. DEFENDANT: AARON COLEMAN
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER "SERGEANT"
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


L. DEFENDANT: OFFICER HODGES
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


M. DEFENDANT: OFFICER LYNCH
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


N. DEFENDANT: OFFICER CAVANAUGH
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION


O. DEFENDANT: SERGEANT MANNING
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER "SERGEANT"
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION

" PARTIES " SECTION V - CONTINUED FROM PAGE # 6

P. DEFENDANT: M. CURTIS
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: CORRECTIONAL OFFICER "LIEUTENENT"
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION

Q. DEFENDANT: DOCTOR KAUFMAN
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: MENTAL HEALTH PSYCHIATRIST
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION

R. DEFENDANT: DOCTOR BIRT
   MAILING ADDRESS: 7819 N.W. 228TH STREET
                    RAIFORD, FLORIDA 32026
   POSITION: MENTAL HEALTH PSYCHIATRIST
   EMPLOYED AT: UNION CORRECTIONAL INSTITUTION

7c

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

BASED ON THE FOREGOING ALLEGATIONS, THE DEFENDANT'S HAVE VIOLATED THE PLAINTIFF'S, EIGHTH AMENDMENT RIGHT "TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT", AND THE FIRST AMENDMENT, "CONGRESS SHALL MAKE NO LAWS PROHIBITING THE RIGHT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES", AND THE FOURTEENTH AMENDMENT, "NO STATE SHALL MAKE OR ENFORCE ANY LAW DEPRIVING ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

(1) PLAINTIFF SEEKS DAMAGES AGAINST UNION CORRECTIONAL INSTITUTION CORRECTIONAL OFFICER DEFENDANTS WHO INTENTIONALLY USED EXCESSIVE AND UN-JUSTIFIED FORCE, AND SUBJECTED PLAINTIFF TO VARIOUS METHODS OF RETALIATION MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM, AND NOT IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE ORDER. AND SUPERVISORY AND MEDICAL DEFENDANTS AT UNION CORRECTIONAL INSTITUTION WHO PARTICIPATED, FACILITATED, ENCOURAGED, ATTEMPTED TO HIDE OR COVER-UP, OR ACQUIESCED IN THE CORRECTIONAL OFFICER'S ABUSE OF THE PLAINTIFF.

SECTION VI "STATEMENT OF CLAIM" CONTINUED FROM PAGE #8

THE LAW; NOR DENY ANY PERSON WITHIN IT'S JURISDICTION THE EQUAL PROTECTION OF THE LAW".

DEFENDANTS, M.HICKS, L.POLHILL, S.T. ROBINSON, D.MALLARD, AND P. JEFFERSON HAVE ACTIVELY IMPLEMENTED AN UN-WRITTEN POLICY THAT CORRECTIONAL OFFICER'S ARE TO USE EXCESSIVE AND UN-JUSTIFIED FORCE, TO INFLICT CORPAL PUNISHMENT, ON UNION CORRECTIONAL INSTITUTION INMATES.

DEFENDANTS, M.HICKS, L.POLHILL, S.T. ROBINSON, D.MALLARD, AND P. JEFFERSON HAVE KNOWINGLY PERMITTED THEIR SUBORDINATES TO REPEATEDLY USE "PHYSICAL ASSUALTS", IN VIOLATION OF WRITTEN POLICY, AND MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM, AND NOT IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE... THEIR FAILURE TO ACT RESULTED IN THE SEXUAL ASSUALT, AND EXCESSIVE AND UNJUSTIFIED FORCE AGAINST THE PLAINTIFF.

DEFENDANTS, M.HICKS, L.POLHILL, S.T. ROBINSON, D.MALLARD, AND P. JEFFERSON CONTINUED TO ACT WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFF, WHICH LEAD TO VARIOUS METHOD'S OF RETALIATION BEING USED AGAINST THE PLAINTIFF (INCLUDING AN EXCESSIVE AND UNJUSTIFIED USE OF FORCE), DESPITE THE FILINGS OF NUMEROUS GRIEVANCE'S, AND THIS ACTION, IN THEIR ATTEMPT TO DETER, TO DIS-COURAGE, TO THWART, AND TO INTIMIDATE THE PLAINTIFF INTO ABANDONING HIS CONSTITUTIONAL RIGHT TO SEEK COURT RELIEF AND INTERVENTION.

DEFENDANTS, M.HICKS, L.POLHILL, S.T. ROBINSON, D.MALLARD, AND P. JEFFERSON, CONTINUE TO ACT WITH DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL LIKELIHOOD THAT PLAINTIFF JONES WILL BE SUBJECTED TO EXCESSIVE AND UN-JUSTIFIED FORCE MALICIOUSLY, AND SADISTICALLY TO CAUSE HARM, AND NOT FOR ANY LEGITIMATE PENOLOGICAL REASON.

BECAUSE OF DEFENDANTS, M.HICKS, L.POLHILL, S.T. ROBINSON'S ACTIONS. THE EXCESSIVE AND UN-JUSTIFIED FORCE IS SO PERVAISIVE THAT THERE IS AN EXTREMELY HIGH LIKELIHOOD THAT THE PLAINTIFF WILL BE SUBJECTED TO THIS UNCONSTITUTIONAL PRACTICE IN THE FUTURE.

## CLAIM FOR DAMAGES

PLAINTIFF JONES REPEATS AND RE-ALLEGES, PARAGRAPHS #1 THROUGH #

Section VI. "STATEMENT OF CLAIM". continued from Page # 8.

Defendants, M. Nicks, L. Polhill, S.T. Robinson, D. Mallard, P. Jefferson, J. Aviles, S.E. Swain, M. Bestoso, J.U. Davis, J. Crews, A. Coleman, C. Hodges, Lynch, Manning, Cavanaugh, M. Curtis, Birt, and Kaufman's actions violated Plaintiff Jones right to be free from cruel and unusual punishment, which is guaranteed by the Eighth Amendment, and First Amendment, which "prohibits the interference of the right to Petition the Government for a redress of Grievance's", and the Fourteenth Amendment, which "prohibits the denial of any Person within it's jurisdiction to the equal Protection of the Law".

As a result of the defendant's unconstitutional actions, Plaintiff Jones suffered serious injuries (lower back strain, cut's and abraisions to the facial area, and lips. swollen and bruised face, sprained, swollen ribs). severe and prolonged suffering (Plaintiff was refused Proper examination and Treatment) mental and emotional distress, degradation, and aggravation of previous injuries... Plaintiff Jones injuries are Permanent or continue, and Plaintiff will suffer further losses in the future.

As a further result of defendants acts, which were done with malice or reckless indifference to Plaintiff Jones federally protected Rights, Plaintiff Jones is entitled to Punitive Damages.

Statement of Facts, continued:

(2) Jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331, in that this is a civil action arising under the constitution of the United States.

(3) Jurisdiction of this court is invoked pursuant to 28 U.S.C. 1343(a)(3) in that this action seeks to redress the deprivation under color of state law of rights secured to the plaintiff by the First, Eighth, and Fourteenth Amendments of the Constitution of the United States.

(4) The plaintiff's claim for relief are predicated upon 42 U.S.C. 1983, which authorizes actions to redress the deprivations, under color of state law, of rights, privileges, and immunities secured to the plaintiff by the Constitution and laws of the United States.

(5) The plaintiff's claim for attorney fees and costs are predicated upon 42 U.S.C. 1988, which authorizes the award of attorney fee's and cost's to prevailing plaintiff in action brought pursuant to 42 U.S.C. 1983

(6) Plaintiff has fully exhausted all administrative remedies.

(7) Venue is proper in this district under 28 U.S.C. 1391(b) because atleast one of the defendant's resides in this district and the events and omission's giving rise to plaintiff's claims occured in this district.

## FACTUAL ALLEGATIONS

(8) Employee's of the Florida Dept. of Correction's are authorized to use a variety of types of force, where the circumstances warrant including hands on physical force, as described in Rule 33-602.210

SECTION VII "STATEMENT OF FACTS" CONTINUED FROM PAGE #8

FLORIDA ADMINISTRATIVE CODE".

(9)   UNION CORRECTIONAL INSTITUTION IS AN INSTITUTION THAT THE FLORIDA DEPT. OF CORRECTION'S HAS DESIGNATED TO HOUSE INMATE'S WITH SEVERE MENTAL HEALTH NEEDS, NEEDING AROUND THE CLOCK SUPERVISION AND TREATMENT. AS APART OF THIS IN-PATIENT SETTING.

(10)   THE PATTERN AND PRACTICE OF USING EXCESSIVE AND UNJUSTIFIED FORCE ON MENTALLY ILL INMATE'S, HAS BECOME A DAILY ROUTINE, UNDER THE SUPERVISION OF DEFENDANTS, HICKS, POLHILL, ROBINSON, MALLARD, AND JEFFERSON.

(11)   AS A RESULT OF THIS PATTERN AND PRACTICE OF USING EXCESSIVE AND UNJUSTIFIED FORCE. THE PLAINTIFF SUFFERED A LOWER BACK SPRAIN, CUT'S AND ABRAISION'S TO THE FACIAL AREA AND LIPS, SWOLLEN AND BRUISED FACE, SPRAINED SWOLLEN RIBS... SEVERE AND PROLONGED SUFFERING (PLAINTIFF WAS REFUSED PROPER EXAMINATION AND TREATMENT) MENTAL AND EMOTIONAL DISTRESS, DEGRADATION, AND AGGRAVATION OF PREVIOUS INJURIES.

(12)   THE EXCESSIVE AND UNJUSTIFIED FORCE USED AGAINST THE PLAINTIFF, IS PART OF A PATTERN OF HUNDRED'S OF IMPROPER USE'S OF FORCE, AGAINST UNION CORRECTIONAL INSTITUTION MENTALLY ILL INMATE'S, WHICH BOTH INCREASE'S DEFENDANT'S AWARENESS OF THE RISK OF HARM, TO THE PLAINTIFF, AND GIVES RISE TO THE CERTAINTY THAT PLAINTIFF WILL AGAIN BE UNLAWFULLY ASSUALTED.

(13)   AS DEFENDANT'S HAVE ESCALATED THE EXCESSIVE AND UNJUSTIFIED FORCE. INMATE'S AT UNION CORRECTIONAL INSTITUTION (INCLUDING THE PLAINTIFF) HAVE INCREASINGLY COMPLAINED THAT CORRECTIONAL OFFICER'S WERE USING PHYSICAL ASSUALTS, AS A MEANS OF RETALIATING AGAINST THEM FOR LAWFUL ACTIVITIES, SUCH AS SEEKING ASSISTANCE, ASKING THAT STAFF FOLLOW ESTABLISHED ~~ESTABED~~ RULES; AND FOR FILING GRIEVANCE'S (THE REASON FOR THE PLAINTIFF BEING ASSUALTED), OR OTHERWISE COMPLAINING ABOUT THEIR CONDITION'S OF INCARCERATION. THESE COMPLAINTS INCREASED THE DEFENDANT'S KNOWLEDGE OF THE RISK OF HARM, TO THE PLAINTIFF.

(14)   CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE AS PUNISHMENT. DEFENDANTS, M. HICKS, L. POLHILL, AND S.T. ROBINSON, THE HIGHEST ADMINISTRATIVE AND SECURITY OFFICIALS AT UNION CORRECTIONAL INSTITUTION, THEY TOOK NO ACTION TO STOP THE SYSTEMATIC ABUSE OF INMATE'S AT UNION CORRECTIONAL INSTITUTION.

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE # 8

(15)     CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE AS PUNISHMENT. DEFENDANTS, M. HICKS, L. POLHILL, S.T. ROBINSON, AND D. MALLARD, HAVE FAILED TO TRAIN, SUPERVISE, AND DISCIPLINE CORRECTIONAL OFFICER'S, TO PREVENT THE EXCESSIVE AND UNJUSTIFIED FORCE AGAINST UNION CORRECTIONAL INSTITUTION INMATE'S, INCLUDING THE PLAINTIFF.

(16)     CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE AS PUNISHMENT. DEFENDANT, J. AVILES, THE HIGHEST RANKING MEDICAL SUPERVISOR, AT UNION CORRECTIONAL INSTITUTION, HAVE FAILED TO TRAIN, SUPERVISE, AND DISCIPLINE MEDICAL PERSONNEL, ALLOWING MEDICAL PERSONNEL TO EMPLOY A PRACTICE OF DELIBERATELY-FALSIFYING, AND DOCTORING MEDICAL DOCUMENTS. IN THEIR ATTEMPT TO COVER-UP, AND MINIMIZE INJURIES SUFFERED BY INMATES (INCLUDING THE PLAINTIFF) AT THE HANDS OF CORRECTION OFFICERS.

(17)     DEFENDANTS, D. MALLARD, AND P. JEFFERSON, HOLD THE MOST SENIOR SECURITY STAFF POSITION'S AT UNION CORRECTIONAL INSTITUTION, AND WITH THE SUPPORT OF DEFENDANT'S: M. HICKS, L. POLHILL, AND S.T. ROBINSON, ARE BOTH RESPONSIBLE FOR THE DIRECT SUPERVISION OF THE CORRECTIONAL OFFICERS, WHOM ARE USING THE EXCESSIVE AND UNJUSTIFIED FORCE.

(18)     DEFENDANTS, M. HICKS, L. POLHILL, S.T. ROBINSON, D. MALLARD, AND P. JEFFERSON ACTIVELY ENCOURAGE THE SECURITY STAFF TO USE PHYSICAL ASSUALTS, TO PUNISH, TO INTIMIDATE, AND ABUSE INMATE'S, WITH THE FULL KNOWLEDGE THAT THE FORCE WAS BEING USED SOLELY TO INFLICT PAIN, AGAINST INCLUDING THE PLAINTIFF.

(19)     AT UNION CORRECTIONAL INSTITUTION, DEFENDANTS, M. HICKS, L. POLHILL, AND S.T. ROBINSON HAVE REVIEWED NUMEROUS GRIEVANCE'S, INMATE'S HAVE SUBMITTED (INCLUDING THOSE FROM THE PLAINTIFF) ALLEGING PHYSICAL ABUSE. CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE FOR PUNISHMENT. THEY HAVE FAILED TO FOLLOW-UP ON GRIEVANCE'S ALLEGING ABUSE, AND TAKE ANY ACTION.

(20)     CONSISTENT WITH THE UNWRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE AS PUNISHMENT. DEFENDANT, M. HICKS, HAS FAILED TO INVESTIGATE, AND HAS IGNORED THE COMPLAINTS OF THE INMATE'S (INCLUDING THE PLAINTIFF) WHO WAS SEEKING RELIEF FROM THE OFFICER'S, WHOM ARE USING PHYSICAL ASSUALTIVE MEASURES AGAINST THEM, FOR IMPROPER REASONS.

SECTION VII - "STATEMENT OF FACTS". CONTINUED FROM PAGE # 8

(21)   CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE AS PUNISHMENT. DEFENDANT M. HICKS HAS FAILED TO ASSIGN AN ADEQUATE NUMBER OF INVESTIGATOR'S, TO INVESTIGATE THE EXCESSIVE AMOUNT OF COMPLAINTS OF ABUSE. NOR HAVE THEY SUPERVISED AND FOLLOWED-UP ON LACKLUSTER INVESTIGATION'S, BEING CONDUCTED BY IN-SUFFICIENT STAFF.

(22)   ON INFORMATION AND BELIEF, AND CONSISTENT WITH THE UN-WRITTEN POLICY OF USING EXCESSIVE AND UNJUSTIFIED FORCE FOR PUNISHMENT. DEFENDANTS, M. HICKS, L. POLHILL, AND S.T. ROBINSON HAVE NEVER REQUESTED A "SPECIAL INVESTIGATION" INTO THE PATTERN OF USING EXCESSIVE AND UNJUSTIFIED FORCE, AND THE CORRESPONDING CLAIM'S THAT THESE PRACTICE'S WERE BEING USED TO ABUSE AND INJURE INMATES (INCLUDING THE PLAINTIFF).

(23)   AS A RESULT OF DEFENDANT, M. HICKS ACTIONS, AS WARDEN. THE EXCESSIVE AND UN-JUSTIFIED FORCE CLAIM'S HAVE STEADILY INCREASED. AS WARDEN, DEFENDANT, M. HICKS HAS HAD KNOWLEDGE OF INMATES BEING PHYSICALLY ABUSED, BY CORRECTIONAL OFFICER'S AT UNION CORRECTIONAL INSTITUTION (INCLUDING THE PLAINTIFF).

# DAMIEN D. JONES

(24)   PLAINTIFF JONES IS A 30-YEAR OLD MAN, WITH PSYCHIATRIC PROBLEMS. HE HAS REQUIRED PSYCHIATRIC IN-PATIENT CARE ON A NUMBER OF OCCAISION'S. HE CURRENTLY HAS A PSYCHIATRIC GRADE OF S-4, WHICH IS A SERIOUS GRADE (OUT OF FIVE ON THE ACTUAL SCALE). WHICH HAS REQUIRED ADMISSION TO IN-PATIENT STATUS.

(25)   ON JULY 7, 2008. THE PLAINTIFF, ALONG WITH ELEVEN ADDITIONAL PLAINTIFFS (KENDRICK RAYMOND, ANTONIO WARD, TERRY DIX, FRANK JAMES, TREMAINE BAILEM, JASON HIGGS, MARVIN PACE, OTIS MARTIN, LINFORD SPENCE, CHRISTOPHER MERKLE, AND QUINCY EVERETT), ALL JOINTLY FILED A CIVIL RIGHTS COMPLAINT (IN THIS VENUE, CASE NO. # 3:08-CV-761-J-32JRK) AGAINST THIRTY-TWO DEFENDANT'S. (WALTER McNEIL, SANDEEP RAHANGDALE, PAUL DECKER, MILTON HICKS, LUTHER POLHILL, DWIGHT MALLARD, SHAWN E. SWAIN, JULIAN AVILES,

9c

SECTION VII "STATEMENT OF FACTS": CONTINUED FROM PAGE #8

(9) S. D'MARIE, (10) KEVIN SNOW, (11) M. BESTOSO, (12) JACQUES MEMNON, (13) AARON COLEMAN, (14) SCOTT TOMLINSON, (15) JOHN CREWS, (16) JERRY V. DAVIS, (17) SGT. BRYANT, (18) SGT. WIGGS, (19) OFF. LEE, (20) OFF. McFARLAND, (21) OFF. CAVANAUGH, (22) OFF. SLOAN, (23) OFF. STANLEY, (24) OFF. WALTON, (25) OFF. SEXTON, (26) OFF. JOHNSON, (27) SGT. CARRASQUILLO, (28) OFF. HANCOCK, (29) SGT. GABRIEL, AND (30) JOHN DOE'S...) THE COMPLAINT SOUGHT DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF... IT CHALLENGED THE CONDITIONS OF CONFINEMENT, IN THE "MENTAL HEALTH IN-PATIENT TRANSITIONAL CARE UNIT", HERE AT UNION CORRECTIONAL INSTITUTION.

(26)   ON AUGUST 1, 2008. THIS COURT (JUDGE CORRIGAN) ISSUED AN ORDER. DISMISSING ALL PLAINTIFFS, IN THIS ACTION, WITH THE EXCEPTION OF "DAMIEN D. JONES", BECAUSE THE ADDITIONAL PLAINTIFF'S FAILED TO PAY THE FILING FEE, NOR DID THEY SUBMIT AFFIDAVIT OF INDENGENCIES. THE ALLOWED PLAINTIFF JONES TO PROCEED.

(27)   SINCE THE FILING OF "CIVIL RIGHTS COMPLAINT", CASE NO. 3:08-CV-761-J-32JRK... THE PLAINTIFF HAS BEEN DELIBERATELY AND INTENTIONALLY RETALIATED AGAINST, PHYSICALLY ASSUALTED, AND SUBJECTED TO CRUEL AND INHUMANE CONDITIONS OF CONFINEMENT, BY THE DEFENDANTS. IN THEIR ATTEMPT TO DENY, TO DIS-COURAGE, TO DETER, AND TO THWART THE PLAINTIFF'S ATTEMPT TO EXERCISE HIS FIRST AMENDMENT, CONSTITUTIONAL RIGHT "TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCE'S".

(28)   THE PLAINTIFF EXERCISED HIS CONSTITUTIONALLY PROTECTED ACTION, BY FILING THE "CIVIL RIGHTS COMPLAINT" SEEKING RELIEF FROM THE SEXUAL ASSUALT, AND EXCESSIVE FORCE, THAT HE WAS ALREADY A VICTIM OF... AS A RESULT, OF THIS PROTECTED ACTION. THE DEFENDANT PRISON OFFICIALS BEGAN USING RETALIATORY METHOD'S AND COMMITTED ADVERSE ACTIONS, WHICH CONSISTED OF THE PLAINTIFF BEING UNLAWFULLY ASSUALTED, HAVING HIS LEGAL DOCUMENTS DESTROYED ON SEVERAL DIFFERENT OCCAISION'S, AND BEING SUBJECTED TO CRUEL AND INHUMANE CONDITIONS, IN THEIR ATTEMPT TO DIS-COURAGE, TO DETER, TO THWART, AND TO INTIMIDATE THE PLAINTIFF FROM PROCEEDING WITH THE INITIATED COURT ACTION, IN CASE NO. # 3:08-CV-761-J-32JRK.

(29)   THE DEFENDANT'S WERE AWARE OF THE CONSTITUTIONALLY PROTECTED ACTION'S OF THE PLAINTIFF. IN THEIR ATTEMPT TO DENY, TO DIS-COURAGE, TO THWART, THE PLAINTIFF'S ATTEMPT TO SEEK RELIEF, FROM THE VIOLATION OF HIS

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8.

FEDERALLY PROTECTED, EIGHTH AMENDMENT RIGHT," NOT TO BE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT, THE ADVERSE ACTION'S OF RETALIATION BY THE DEFENDANTS. CONTINUED.

(30)    THE DEFENDANT SUPERVISORY OFFICIALS WERE PLACED ON NOTICE MULTIPLE TIMES, CONCERNING THE UNLAWFUL RETALIATORY METHOD'S BEING FORCED UPON THE PLAINTIFF. (THIS NOTICE TOOK SEVERAL FORM'S, WHICH INCLUDED "MULTIPLE GRIEVANCE'S SUBMITTED TO SUPERVISORY OFFICIALS, SEEKING PROTECTION AND RELIEF; ALSO NOTICE WAS GIVEN, BY WAY OF, "INCIDENT REPORTS" SUBMITTED BY STAFF, CONCERNING CERTAIN RETALIATORY METHODS)... DEFENDANTS M. HICKS; L. POLHILL, S.T. ROBINSON, D. MALLARD, AND P. JEFFERSON, ALL COLLECTIVELY REFUSED TO INTERVENE AND TAKE APPROPRIATE ACTION, TO ELIMINATE THE UNLAWFUL TREATMENT, BEING IMPOSED BY SUBORDINATE OFFICIALS.

(31)    ALL THE DEFENDANT'S IN THIS ACTION, WERE ALL JOINTLY ACTING UNDER THE COLOR OF STATE LAW.

## CHRONOLOGY   OF EVENTS

(32)    ON AUGUST 20, 2008. WHILE HOUSED IN U-DORMITORY (CELL NUMBER # 1104), HERE AT UNION CORRECTIONAL INSTITUTION. I WAS INSIDE MY CELL, WHEN I WAS APPROACHED BY OFFICER WALKER, AND SERGEANT AARON COLEMAN. I WAS ORDERED TO PACK ALL OF MY PROPERTY, AND TO SUBMIT TO HANDCUFF RESTRAINTS, BECAUSE I WAS BEING MOVED TO ANOTHER QUAD, IN THE DORMITORY. AFTER PACKING ALL OF MY PROPERTY. I WAS ESCORTED BY OFFICER WALKER OFF THE QUAD. WE ENTERED THE HALLWAY, AND APPROACHED THE QUAD FOUR ENTRANCE DOOR. BEFORE ENTERING THE QUAD, OFFICER WALKER ORDERED ME, "TO SIT MY PERSONAL PROPERTY DOWN". I ASKED OFFICER WALKER, "WHY WAS I LEAVING MY PROPERTY?" OFFICER WALKER RESPONDED "LIEUTENANT SWAIN TOLD ME TO CONFISCATE ALL YOUR PROPERTY". I ADVISED OFFICER WALKER, "THAT I HAD AN UP-COMING LEGAL DEADLINE, AND THAT I NEEDED MY LEGAL DOCUMENTS, AND WRITING MATERIALS". OFFICER WALKER CONTINUED TO TELL ME, "PER LIEUTENANT SWAIN'S ORDERS, ALL YOUR PERSONAL PROPERTY WAS TO BE CONFISCATED". SEEING THAT I HAD NO CHOICE IN THE MATTER. I SAT MY PROPERTY DOWN, AND I WAS ESCORTED TO MY NEW CELL, IN QUAD FOUR (CELL #4107). AFTER THE RESTRAINTS WERE REMOVED, AND OFFICER WALKER LEFT. LIEUTENANT

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

SHAWN E. SWAIN, APPROACHED MY CELL-DOOR SEVERAL MINUTES LATER, AND SAID TO ME, "I GUESS YOU WON'T BE NEEDING NOTHING NOTARIZED, BECAUSE I GOT YOUR PROPERTY, AND GUESS WHAT, WHEN I GET FINISHED WITH YOUR PROPERTY, THEIR WON'T BE ANY LEGAL DOCUMENTS TO NOTARIZE". (THE REASON HE MADE THIS COMMENT, ABOUT LEGAL DOCUMENTS BEING NOTARIZED, IS BECAUSE THE NOTARY OFFICIAL "MRS. T. MANNING" CAME INTO THE DORMITORY TO NOTARIZE SOME LEGAL DOCUMENTS, THAT I'D REQUESTED). I TOLD LIEUTENENT S.E. SWAIN, "THAT HE WAS WRONG FOR KEEPING MY PROPERTY, AND THREATENING TO DESTROY IT". I WENT ON TO ASK HIM, "WHY WON'T HE JUST MOVE ME TO ANOTHER DORMITORY?" LIEUTENENT SWAIN RESPONDED, "WHEN YOU GET BACK THE STUFF I GIVE YOU, IT WILL BE ALL TRASH, I'M GOING TO TEACH YOU, ABOUT ALL THAT WRITING YOU'VE BEEN DOING, AND IF I DID MOVE YOU TO ANOTHER DORMITORY, THE SAME THING IS GOING TO HAPPEN, YOU WILL ONLY BE A PHONE-CALL AWAY, YOUR NOT SENDING OUT ANY LEGAL WORK, AND YOUR NOT RECEIVING ANY LEGAL WORK, WHETHER IN U-DORM, V-DORM, OR S-DORM, YOUR FINISHED".

    ON AUGUST 21, 2008. I WAS GIVEN MY PERSONAL PROPERTY BACK BY SERGEANT AARON COLEMAN, OFFICER SCOTT TOMLINSON, AND OFFICER J. CREWS. AFTER GIVING ME MY PROPERTY, SERGEANT AARON COLEMAN SAID TO ME, "HOW DO YOU LIKE THAT, WE GOT THAT LEGAL MAIL, FUCK-BOY". THEY THEN LEFT THE QUAD. I SAT DOWN AND BEGAN TO CAREFULLY INVENTORY MY PERSONAL PROPERTY, MAINLY MY LEGAL DOCUMENTS. AFTER I COMPLETED THE INVENTORY... I DISCOVERED THE FOLLOWING ITEMS WERE MISSING:

1. THE PERSONAL COPY OF THE INITIAL "CIVIL RIGHTS COMPLAINT" (42 U.S.C. 1983) CASE NO.# 3:08-CV-761-J-32JRK

2. "(FIFTY-50) SWORN DECLARATIONS", OF VARIOUS INMATES, TESTIFYING ABOUT THE UNLAWFUL CONDITIONS OF CONFINEMENT.

3. VARIOUS GRIEVANCES FILED, CHALLENGING THE UNLAWFUL CONDITIONS AND TREATMENT BY STAFF, WHICH WAS NEEDED FOR ADMINISTRATIVE EXHAUSTION PURPOSES.

4. ALL WRITING PAPER AND WRITING UTENSILS.

Section VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

I FILED "FORMAL GRIEVANCE OF REPRISAL". LOG NUMBER #0811-213-120, TO THE WARDEN'S OFFICE. CONCERNING ALL THE ABOVE MENTIONED FACT'S AND TREATMENT BY STAFF. THE WARDEN (M. HICKS) DENIED THE GRIEVANCE, STATING, THE GRIEVANCE "WAS NOT ACCEPTED AS A GRIEVANCE OF REPRISAL".

I APPEALED THE RESPONSE, GIVEN BY THE WARDEN, TO THE SECRETARY'S OFFICE, IN "FORMAL GRIEVANCE OF REPRISAL". LOG NUMBER #08-6-34449. THE SECRETARY'S OFFICE, DENIED THE GRIEVANCE, STATING, "THIS GRIEVANCE IS NOT ACCEPTED AS A GRIEVANCE OF REPRISAL".

I THEN FILED "FORMAL GRIEVANCE OF A SENSITIVE NATURE". LOG NUMBER #08-6-33394. TO THE SECRETARY'S OFFICE. CONCERNING ALL THE ABOVE MENTIONED FACTS AND TREATMENT BY STAFF. THE SECRETARY'S OFFICE DENIED THE GRIEVANCE, STATING, "THIS GRIEVANCE IS NOT ACCEPTED AS A GRIEVANCE OF EMERGENCY NATURE". BUT NOTING.... "THE INSTITUTION SHOULD BE GIVEN AN OPPERTUNITY TO RESPOND TO YOUR ISSUE, YOU ARE ALLOWED TO RE-SUBMIT YOUR GRIEVANCE AT YOUR CURRENT LOCATION, IN ACCORDANCE WITH THE RULES".

I THEN RE-SUBMITTED, "FORMAL GRIEVANCE OF A SENSITIVE NATURE", IN "INFORMAL GRIEVANCE" LOG NUMBER #11-08-356. TO THE WARDEN'S OFFICE. CONCERNING ALL THE ABOVE MENTIONED FACTS AND TREATMENT BY STAFF. THE GRIEVANCE WAS REFERRED TO AN UN-NAMED CAPTAIN. THE RESPONSE WAS: "LIEUTENENT SWAIN WAS INTERVIEWED AND DENIES YOUR ALLEGATIONS".

I APPEALED THE RESPONSE IN "FORMAL GRIEVANCE" LOG NUMBER #0812-213-070. TO THE WARDEN'S OFFICE. CONCERNING THE DENIAL OF INFORMAL GRIEVANCE, LOG NUMBER #11-08-356. WHICH CONTAINED ALL THE AFORESAID FACTS, AND TREATMENT BY STAFF. THE ASSISTANT WARDEN (S.T. ROBINSON) RESPONDED, "LIEUTENENT SWAIN WAS CONTACTED AND DENIES YOUR ALLEGATION'S, THE VIDEO OF THE INCIDENT IS NO LONGER AVAILABLE FOR REVIEW, THEIR IS NO RECORD OF ANY PROPERTY BEING CONFISCATED FROM YOU ON AUGUST 20, 2008. YOU ARE ADVISED THAT IT IS NOT WITHIN AN INMATE'S SCOPE OF AUTHORITY TO RECOMMEND DISCIPLINARY ACTION, REGARDING STAFF. YOUR GRIEVANCE IS DENIED."

I APPEALED THE RESPONSE, IN "FORMAL GRIEVANCE" LOG NUMBER #08-6-36910. TO THE SECRETARY'S OFFICE. CONCERNING THE DENIAL OF "FORMAL GRIEVANCE" LOG NUMBER #0812-213-070. WHICH CONTAINED ALL THE AFORE SAID FACTS, AND TREATMENT

SECTION VII "STATEMENT OF FACTS" CONTINUED FROM PAGE #8

BY STAFF... THE SECRETARY'S OFFICE, SIMPLY RESPONDED, "THE RESPONSE THAT YOU
RECEIVED AT THE INSTITUTIONAL LEVEL HAS BEEN REVIEWED, AND IS FOUND TO
APPROPRIATELY ADDRESS THE CONCERN'S THAT WERE RAISED AT THE INSTITUTIONAL
LEVEL, AS WELL AS THE CENTRAL OFFICE LEVEL. YOUR ADMINISTRATIVE APPEAL IS DENIED."
     IN EACH OF THE GRIEVANCE'S FILED. THE PLAINTIFF REQUESTED:

1. THAT LIEUTENENT S.E. SWAIN AND HIS SUBORDINATE OFFICER'S BE ORDERED TO
   REFRAIN FROM UNLAWFULLY AND ILLEGALLY CONFISCATING HIS LEGAL DOCUMENTS
   AND PROPERTY.

2. THAT LIEUTENENT S.E. SWAIN BE ORDERED TO RETURN ALL CONFISCATED LEGAL
   DOCUMENTS.

3. THAT LEGAL MAIL/DOCUMENTS DELIVERIES AND RETRIEVAL DUTIES BE TAKEN
   FROM CORRECTIONAL OFFICER'S, AND BE GIVEN TO MAIL ROOM OFFICIALS.

4. TO BE MOVED TO ANOTHER DORMITORY, FROM AROUND THE RETALIATING OFFICERS, AND
   INFLUENCE OF THE NAMED SUPERVISORY OFFICIAL (S.E. SWAIN).

5. THAT DISCIPLINARY ACTION BE TAKEN AGAINST THE NAMED OFFICIALS.

6. THAT THE "CAMERA PROCEEDINGS" BE PRESERVED FOR FURTHER PROCEEDINGS.

7. THAT INMATE WITNESSES: INMATE FRANK JAMES D/C# 186939, INMATE JASON
   HIGGS D/C# L25693, AND INMATE MARVIN PACE D/C# B02617, BE ALL INTERVIEWED,
   TO GIVE CREDENCE TO THE CLAIMS MADE.


     NONE OF THIS ACTION WAS TAKEN BY SUPERVISORY OFFICIALS. THE PLAINTIFF WAS
NOT PRESERVED, NOR REVIEWED AS REQUESTED BY THE PLAINTIFF. THE INMATE
WITNESSES NAMED BY THE PLAINTIFF, WERE NOT INTERVIEWED. THE PLAINTIFF
WAS NOT INTERVIEWED. NO ACTION WAS TAKEN AND NO RELIEF WAS TAKEN, NOR
GRANTED.

(33)     ON AUGUST 25, 2008. WHILE HOUSED IN U-DORMITORY. ALL THE
WATER SUPPLY (DRINKING WATER AND TOILET WATER) WAS CUT OFF LEADING
TO THE PLAINTIFF'S CELL INDIVIDUALLY, FOR (2) TWO CONSECUTIVE DAYS.
THEIR WAS NO JUSTIFICATION FOR CUTTING OFF THE WATER SUPPLY. THE PLAINTIFF
WAS UNABLE TO RECEIVE DRINKING WATER, NOR FLUSH HIS FECES AND URINE
INFESTED TOILET. (EVERY OTHER INMATES TOILET WORKED, DURING THIS PERIOD).
THE PLAINTIFF WAS UNABLE TO TAKE HIS MEDICATION (PSYCHO-TROPIC - AND

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

MEDICAL MEDICATION), DURING THAT DURATION... THE PLAINTIFF SUFFERED SEVERE HEADACHE'S AND DIZZINESS, AS A RESULT OF THIS TREATMENT. MENTAL HEALTH PSYCHOLOGY SPECIALIST "MR. KOCH" CONTINUOUSLY ASKED THE CORRECTIONAL OFFICERS, INCLUDING LIEUTENENT S.E. SWAIN, TO CUT THE WATER SUPPLY BACK ON, LEADING TO THE PLAINTIFF'S CELL. BUT THEY CONTINUOUSLY REFUSED TO CUT THE WATER BACK ON.

I FILED "FORMAL GRIEVANCE". LOG NUMBER # 0808-213-317. UNDER "EMERGENCY STATUS". TO THE WARDEN'S OFFICE. CONCERNING THE FACT THAT THE PLAINTIFF'S WATER SUPPLY WAS CUT-OFF FOR TWO DAYS, HINDERING THE PLAINTIFF FROM BEING ABLE TO FLUSH HIS TOILET, FROM DRINKING ANY WATER, AND TAKING HIS MEDICATION (WHICH INCLUDED HIS BLOOD PRESSURE MEDICATION). THE WARDEN (M. HICKS) RETURNED THE GRIEVANCE STATING, "THIS IS NOT AN EMERGENCY", YOU MAY RE-SUBMIT YOUR APPEAL UTILIZING THE INFORMAL GRIEVANCE PROCESS".

I THEN RE-FILED THE GRIEVANCE. BY SUBMITTING "INFORMAL GRIEVANCE" LOG NUMBER # 9-2008-113. TO THE WARDEN'S OFFICE. CONCERNING ALL THE AFORE SAID FACTS MENTIONED, AND SEEKING RELIEF FROM THE UNLAWFUL CONDITION'S, I WAS FORCED TO LIVE UNDER. THE GRIEVANCE WAS FORWARDED TO LIEUTENENT ALLEN, WHO STATES, "SERGEANT SMITH WAS INTERVIEWED AND HE STATED THAT YOUR WATER WAS NOT TURNED OFF ON THE THIRD SHIFT. HE FURTHER STATED THAT HE HAD NO KNOWLEDGE OF YOUR WATER BEING TURNED OFF. THE VIDEO CAMERA'S DO NOT MONITOR THE AREA'S THAT CONTROL THE WATER, AND THEREFORE WERE NOT REVIEWED".

I APPEALED THE RESPONSE BY LIEUTENENT ALLEN. BY FILING "FORMAL GRIEVANCE" LOG NUMBER # 0811-213-281. TO THE WARDEN'S OFFICE. THE GRIEVANCE WAS DENIED STATING, "THE RESPONSE THAT YOU RECEIVED ON THE INFORMAL GRIEVANCE HAS BEEN REVIEWED, AND IS FOUND TO APPROPRIATELY ADDRESS THE CONCERN'S THAT YOU RAISED, YOUR REQUEST FOR ADMINISTRATIVE REMEDY IS DENIED". (SIGNED BY ASSISTANT WARDEN L. POLHILL).

I APPEALED THE RESPONSE BY THE ASSISTANT WARDEN (L. POLHILL) IN "FORMAL GRIEVANCE". LOG NUMBER # 0811-213-281. BY SUBMITTING A "FORMAL GRIEVANCE" LOG NUMBER # 08-6-35480. TO THE SECRETARY'S OFFICE. THE GRIEVANCE WAS DENIED, STATING, "THE RESPONSE THAT YOU RECEIVED AT THE INSTITUTIONAL LEVEL HAS BEEN

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

REVIEWED, AND IS FOUND TO APPROPRIATELY ADDRESS THE CONCERN'S THAT YOU
RAISED AT THE INSTITUTIONAL LEVEL, AS WELL AS THE CENTRAL OFFICE LEVEL.
(34)        ON OCTOBER 10,2008. WHILE HOUSED IN V-DORMITORY (CELL # 4104).
OFFICER J. CREWS APPROACHED MY CELL-DOOR, AND ORDERED ME, "TO PACK UP, ALL
MY PERSONAL PROPERTY, BECAUSE I WAS MOVING TO ANOTHER CELL". I ASKED
OFFICER J. CREWS, "WHY WAS I MOVING TO ANOTHER CELL?" OFFICER J. CREWS
RESPONDED, "SO THE CAMERA'S (IN THE QUAD AREA) CAN'T SEE YOU". BECAUSE I WAS
ALREADY DEPRESSED AND FEELING SELF-INJURIOUS. I REQUESTED TO SEE THE
DORMITORY PSYCHIATRIST. OFFICER J. CREWS SAID TO ME, "LISTEN MOTHER FUCKER,
I DON'T HAVE TIME FOR YOUR SHIT, YOUR GOING TO MOVE ONE WAY OR ANOTHER".
(AS SPOKEN BY OFFICER J. CREWS). I WAS PREPARING TO CUT MYSELF. WHEN OFFICER
J. CREWS TOLD ME, "TO COME AND BE HANDCUFFED, AND HE WOULD ESCORT ME OUT, TO
SEE THE PSYCHIATRIST". AFTER I WAS HANDCUFFED. I WAS TAKEN OUT TO THE MEDICAL
HOLDING CELL. OFFICER J. CREWS TOLD ME, "I PROMISE YOU, YOUR GOING TO PAY FOR THIS SHIT".
SEVERAL MINUTES WENT BY, BEFORE I WAS TAKEN INTO THE MEDICAL TREATMENT ROOM,
TO BE SEEN BY THE PSYCHIATRIST (DOCTOR KAUFMAN).... DOCTOR KAUFMAN ASKED ME,
"WHAT WAS THE PROBLEM?" I RESPONDED, "I'M TIRED OF BEING HARASSED AND THREATENED
BY THESE OFFICERS". DOCTOR KAUFMAN ASKED ME, "WHAT HAPPENED TO MAKE ME BECOME
UPSET?" I ADVISED HIM, "THAT THESE OFFICER'S SAY, THEY WERE MOVING ME, SO I
COULDN'T BE SEEN BY THE QUAD CAMERA'S (IN-DIRECTLY PHYSICALLY THREATENING ME).
DR. KAUFMAN THEN ASKED ME, "WAS I INTENDING TO HARM MYSELF?" I RESPONDED,
"THAT WAS WHAT I WAS FEELING AT THE TIME". I WAS ESCORTED BACK TO THE HOLDING
CELL. I WAS APPROACHED AGAIN BY OFFICER J. CREWS, AND SERGEANT J.V. DAVIS. THE
HOLDING CELL DOOR WAS OPENED, AND THE "LEG SHACKLES" WERE TAKEN OFF OF ME. AS I
BEGAN TO TURN BACK AROUND, TO FACE THE OFFICER'S. I WAS PUNCHED IN THE STOMACH/RIB
AREA (4) FOUR EXTREMELY HARD TIMES, BY OFFICER J. CREWS. I FELL TO THE FLOOR,
UNABLE TO BREATHE. THE HOLDING CELL DOOR, WAS SLAMMED AND LOCKED. OFFICER J.
CREWS TOLD ME, TO GET UP AND STRIP NAKED". I TOLD OFFICER J. CREWS, "THAT I
WANTED TO SEE HIS SUPERVISOR, OR DR. KAUFMAN". OFFICER J. CREWS JUST SIMPLY
WALKED AWAY. SEVERAL MINUTES LATER, LIEUTENANT S.E. SWAIN APPROACHED THE
HOLDING CELL, WHERE I WAS, AND SAID "JONES, I HAVE A DOCTOR'S ORDER'S TO COME
GET YOUR CLOTHES, AND TO PLACE YOU ON SELF-HARM OBSERVATION STATUS, WHAT JUST

SECTION VII "STATEMENT OF FACTS" CONTINUED FROM PAGE #8

HAPPENED, WE CAN'T CHANGE, BUT WE CAN MOVE ON, AND FORGET IT." (REFERRING TO THE ASSUALT BY OFFICER J.CREWS). AFTER GIVING UP MY CLOTHES. I WAS ESCORTED TO CELL #4101. I NOTICED THEIR WAS NO MATTRESS OR BLANKET IN THE CELL. I ASKED OFFICER J.CREWS AND OFFICER J.V.DAVIS, "WHERE WAS MY MATTRESS AND BLANKET?" OFFICER J.CREWS RESPONDED,"JONES YOU DON'T HAVE TO WORRY ABOUT EITHER ONE, MATTRESS OR BLANKET, I'M GOING TO MAKE SURE, THE DOCTOR DOESN'T WRITE AN ORDER FOR EITHER ONE OF THEM". I STEPPED INSIDE THE CELL, AND SAT ON THE BED. I TOLD BOTH OFFICER'S, "THAT I WAS NOT GIVING UP THE HANDCUFFS, UNTIL I WAS GIVEN A MATTRESS AND BLANKET". AN UNKNOWN OFFICER, WENT AND GOT LIEUTENENT S.E.SWAIN, AS SOON AS LIEUTENENT S.E.SWAIN ENTERED THE CELL, HE LOOKED DOWN AT ME, SITTING DOWN, AND ASKED ME," WHAT THE HELL IS YOUR PROBLEM?". WITHOUT WAITING FOR A RESPONSE, LIEUTENENT S.E. SWAIN SLAPPED ME IN THE FACE, BUSTING THE INSIDE OF MY LIP. AFTER SLAPPING ME IN THE FACE. OFFICER J.CREWS SNATCHED ME BY THE ARM, AND THREW ME TO THE FLOOR, AND BEGAN KICKING ME IN THE STOMACH, AND LOWER BACK AREA. OFFICER J.V.DAVIS BEGAN KICKING ME IN THE STOMACH, AND LOWER BACK AREA ALSO. A "SNATCH CORD" WAS ATTACHED TO THE HANDCUFFS, AND I WAS DRAGGED TO THE CELL-DOOR, AND FORCED TO STAND-UP. THE HANDCUFFS WERE REMOVED, AND I FELL TO THE FLOOR, BARELY ABLE TO BREATHE, BECAUSE OF THE PAIN. I SCREAMED, BEGGED, AND PLEADED FOR SOME MEDICAL ATTENTION, BUT I WAS CONTINUOUSLY IGNORED. I WAS LEFT WITH NO MATTRESS OR BLANKET, AS THE OFFICER'S WALKED AWAY.

I FILED "FORMAL GRIEVANCE". LOG NUMBER# 0810-213-109, OF A EMERGENCY NATURE, TO THE WARDEN'S OFFICE. I REPORTED THE ASSUALT COMMITTED, THE OFFICER'S INVOLVED NAMES, AND THE LOCATION OF THE ASSUALT. I REQUESTED AN IMMEDIATE MEDICAL EXAMINATION, AND TO BE MOVED AWAY FROM THESE OFFICER'S... THE WARDEN (M.HICKS) RESPONDED SAYING,"THE ISSUE OF YOUR COMPLAINT HAS BEEN REFERRED TO THE OFFICE OF THE INSPECTOR GENERAL, FOR APPROPRIATE ACTION. UPON COMPLETION OF NECESSARY ACTION, INFORMATION WILL BE PROVIDED TO THE APPROPRIATE ADMINISTRATOR'S FOR FINAL DETERMINATION AND HANDLING. AS ACTION HAS BEEN INITIATED, YOU MAY CONSIDER YOUR REQUEST FOR ADMINISTRATIVE REMEDY GRANTED FROM THAT STANDPOINT."

BECAUSE I WAS NOT INTERVIEWED BY ANY ADMINISTRATIVE OFFICIAL OR INSPECTOR. I FILED "FORMAL GRIEVANCE" LOG NUMBER#08-6-34343. TO THE

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

SECRETARY'S OFFICE. APPEALING THE RESPONSE AND HANDLING OF THE ASSUALT. THE SECRETARYS OFFICE PROVIDED THE FOLLOWING RESPONSE, "THE SUBJECT OF YOUR GRIEVANCE IS CURRENTLY BEING REVIEWED BY THE INVESTIGATIVE SECTION, OF THE OFFICE OF THE INSPECTOR GENERAL. A COPY OF YOUR COMPLAINT WILL BE FORWARDED TO THAT SECTION TO BE INCLUDED, AS A PART OF THE CURRENT REVIEW. UPON COMPLETION OF THIS REVIEW, INFORMATION WILL BE PROVIDED TO APPROPRIATE ADMINISTRATOR'S FOR FINAL DETERMINATION AND HANDLING, AS THIS PROCESS WAS INITIATED PRIOR TO THE RECEIPT OF YOUR GRIEVANCE, YOUR REQUEST FOR ACTION BY THIS OFFICE IS DENIED."

(35)   ON OCTOBER 14, 2008. WHILE HOUSED IN CELL #4101, OF U-DORMITORY. AFTER REPORTING THAT I'D BEEN PHYSICALLY ASSVALTED IN "FORMAL GRIEVANCE" LOG NUMBER # 0810-213-109... NURSE M. BESTOSO APPROACHED MY CELL-DOOR, AND TOLD ME, "I'M SUPPOSED TO BE PULLING YOU OUT FOR A PHYSICAL EXAMINATION, BUT YOU LOOK FINE TO ME. I TOLD NURSE M. BESTOSO, "THAT I WANTED A PHYSICAL EXAMINATION". NURSE M. BESTOSO RESPONDED, "YOU DON'T NEED TO COME OUT, BEING'S THAT LIEUTENENT SWAIN AND JOHN CREWS BEAT YOU UP ONCE, WHILE YOU WERE OUT SEEING THE DOCTOR, IT MAY NOT BE A GOOD IDEA FOR YOU TO COME BACK OUT, BECAUSE THEY'RE WORKING TODAY". I SPECIFICALLY TOLD M. BESTOSO, "THAT I WAS IN PAIN, AND I WANTED A PHYSICAL EXAMINATION". HE SIMPLY WALKED AWAY, REFUSING TO HAVE ME PULLED OUT FOR AN EXAMINATION AND TREATMENT.

I FILED "FORMAL GRIEVANCE" LOG NUMBER # 0812-213-285. TO THE WARDEN'S OFFICE. I STATED ALL THE FACTS CONCERNING THE REFUSAL BY NURSE M. BESTOSO, TO CONDUCT A PHYSICAL EXAMINATION ON ME... THE ASSISTANT WARDEN (S.T. ROBINSON) RESPONDED SAYING, "PER REVIEW OF YOUR MEDICAL RECORD, YOU DID NOT VERBALIZE ANY MEDICAL COMPLAINTS ON THE DATE IN QUESTION. NURSE BESTOSO-CMT DENIES YOUR ALLEGATIONS AS STATED. YOUR GRIEVANCE IS DENIED."

I APPEALED THE RESPONSE IN "FORMAL GRIEVANCE" LOG NUMBER # 09-6-01217. TO THE SECRETARY'S OFFICE. CONCERNING THE DENIAL AND HANDLING OF FORMAL GRIEVANCE LOG NUMBER # 0812-213-285. THE SECRETARY'S OFFICE, PROVIDED THE FOLLOWING RESPONSE "APPEAL DENIED-IT IS DETERMINED THAT THE RESPONSE MADE TO YOU, BY DOCTOR AVILES APPROPRIATELY ADDRESSES THE ISSUE'S YOU PRESENTED".

(36)   ON OCTOBER 10, 2008. AFTER BEING INTERVIEWED AND EVALUATED BY DOCTOR KAUFMAN. I WAS PHYSICALLY ASSAULTED BY LIEUTENENT S.E. SWAIN, OFFICER J. CREWS,

SECTION VII " STATEMENT OF FACTS". CONTINUED FROM PAGE #8

AND OFFICER J.U.DAVIS. PRIOR TO BEING PLACED ON SELF-HARM OBSERVATION STATUS
(SHOS), THESE SAID OFFICER'S CONSPIRED WITH DOCTOR KAUFMAN, AND CONVINCED HIM
NOT TO ALLOW ME TO HAVE A MATTRESS AND BED LINEN'S. FORCING ME TO LIE ON COLD
STEEL AND COLD CONCRETE FOR THREE CONSECUTIVE DAYS.

I FILED "FORMAL GRIEVANCE" LOG NUMBER # 0810-213-108. TO THE WARDEN'S
OFFICE. REPORTING THE CONDUCT OF DOCTOR KAUFMAN, AND HIM ALLOWING THE
INFLUENCE OF THESE SECURITY OFFICER'S, TO DICTATE MY COURSE OF TREATMENT. THE
ASSISTANT WARDEN (S.T.ROBINSON) PROVIDED THE FOLLOWING RESPONSE: "REVIEW OF YOUR
MEDICAL RECORD SHOWS THAT ON 10/10/08, YOU WERE PLACED ON SHOS BY DOCTOR KAUFMAN.
IN DOCTOR KAUFMAN'S MEDICAL OPINION, IT WAS NOT IN YOUR BEST INTEREST TO HAVE
A MATTRESS BECAUSE OF YOUR BEHAVIOR. WHAT IS ALLOWED ON SHOS IS DETERMINED
BY YOUR BEHAVIOR".

I APPEALED THE RESPONSE IN "FORMAL GRIEVANCE" LOG NUMBER # 08-6-33342.
TO THE SECRETARY'S OFFICE. CONCERNING THE DENIAL AND HANDLING OF "FORMAL GRIEVANCE"
LOG NUMBER 0810-213-108. THE SECRETARY'S OFFICE RESPONDED: "APPEAL DENIED- IT IS
DETERMINED THAT THE RESPONSE MADE TO YOU BY DOCTOR AVILES ON 11/5/08 APPROPRIATELY
ADDRESSES THE ISSUE'S YOU PRESENTED".

(37)      ON OCTOBER 10, 2008. WHILE HOUSED IN U-DORMITORY (CELL # 4101) AFTER
BEING PHYSICALLY ASSAULTED AND INJURED BY: LIEUTENANT S.E. SWAIN, OFFICER
J. CREWS, AND OFFICER J.U. DAVIS. I ATTEMPTED TO STOP SEVERAL OFFICERS (NAMES
UNKNOWN) PASSING BY, DURING SECURITY CHECKS, IN MY ATTEMPT TO GET SOME
"MEDICAL ATTENTION". NON OF THE OFFICER'S STOPPED TO LISTEN TO MY PLEA, FOR
MEDICAL ATTENTION. DESPITE THE PAIN, I BEGAN KICKING ON THE CELL DOOR. THE FOOD
FLAP ATTACHED TO THE CELL DOOR, BROKE OPEN. DURING A SECURITY CHECK, OFFICER
GRAY APPROACHED MY CELL DOOR, AND ASKED ME, "WHAT WAS THE PROBLEM?". I TOLD
HIM "THAT I COULD BARELY BREATHE, AND I NEEDED SOME MEDICAL ATTENTION". OFFICER
GRAY WALKED AWAY. MINUTES LATER, CAPTAIN TAYLOR, AND LIEUTENANT ALLEN
APPROACHED MY CELL-DOOR, AND SAID TO ME, "THAT I HAVE TO PUT IN A SICK-CALL
REQUEST FOR MY MEDICAL COMPLAINT. BUT I HAD TO COME OUT AND RECEIVE AN
E.T.O. (INVOLUNTARY - EMERGENCY TREATMENT ORDER) INJECTION," WHICH WAS ORDERED
BY DOCTOR BIRT. I ADVISED BOTH OFFICER'S, THAT I NEEDED MEDICAL ATTENTION,
BECAUSE I'D BEEN ASSAULTED. THEY CONTINUED TO TELL ME TO SUBMIT A SICK-CALL

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8.

REQUEST. BECAUSE THEY WERE NOT GOING TO ADDRESS THE ISSUE AT THIS TIME. AS I COMPLIED, I WAS ESCORTED TO MEDICAL. EXPECTING TO BE INTERVIEWED BY DOCTOR BIRT. BUT INSTEAD, SHE ONLY SIGNED AN ORDER FOR THE INJECTION, AND THEN, SHE WENT HOME, NEVER ATTEMPTING TO INTERVIEW ME.

I FILED "FORMAL GRIEVANCE" LOG NUMBER # 0810-213-110. TO THE WARDEN'S OFFICE. CONCERNING HER CONSPIRING WITH SECURITY STAFF, WHO PHYSICALLY ASSUALTED ME, AND DENIED ME MEDICAL TREATMENT, AND SIMPLY ORDERED I BE FORCIBLY INJECTED WITH THIS INVOLUNTARY MEDICATION. THE ASSISTANT WARDEN (S.T. ROBINSON) PROVIDED THE FOLLOWING RESPONSE: "PER THE INCIDENT REPORTS, ON THIS DATE, YOU WERE HIGHLY AGGRESSIVE, AGITATED, AND DANGEROUS TO YOURSELF AND OTHER'S. DR. BIRT IS A PSYCHIATRIST, BUT IS NOT EXPECTED TO ENDANGER HER LIFE, AND CONDUCT A CONFIDENTIAL CLINICAL INTERVIEW WITH A HIGHLY AGGRESSIVE AND AGITATED INMATE. PER PROCEDURE, IT IS APPROPRIATE FOR A PSYCHIATRIST TO ORDER THE USE OF AN E.T.O. WITHOUT A CLINICAL INTERVIEW. AS OFTEN THE INMATE IS TO HIGH A SECURITY RISK TO BE ESCORTED TO A CONFIDENTIAL SETTING FOR AN INTERVIEW, YOUR GRIEVANCE IS DENIED."

I APPEALED THE RESPONSE, TO THE SECRETARY'S OFFICE. IN "FORMAL GRIEVANCE" LOG NUMBER # 08-6-32265. "CONCERNING THE MENTAL HEALTH DOCTOR'S CONSPIRING WITH SECURITY OFFICER'S, AND ALLOWING THE OFFICER'S INFLUENCE TO DICTATE THE INMATE'S COURSE OF TREATMENT." THE SECRETARY'S OFFICE PROVIDED THE FOLLOWING RESPONSE: "APPEAL DENIED - IT IS DETERMINED THAT THE RESPONSE MADE TO YOU, BY DR. AVILES ON 10/23/08. APPROPRIATELY ADDRESSES THE ISSUE'S YOU PRESENTED."

(38)   ON NOVEMBER 18, 2008. WHILE HOUSED IN VICTOR DORMITORY. (CELL # 2109). I WAS INSIDE MY CELL, WHEN OFFICER HODGES APPROACHED MY CELL-DOOR, DURING A "MASS DORMITORY" SHAKEDOWN, AND ORDERED ME TO SUBMIT TO HANDCUFF PROCEDURE, SO I COULD BE ESCORTED OUT TO THE "MEDICAL HOLDING CELL", WHERE INMATE'S WERE BEING STRIP SEARCHED. AFTER BEING SEARCHED BY OFFICER J.U. DAVIS, I WAS ESCORTED BACK ONTO THE QUAD, AND PLACED IN THE GROUP ROOM, ALONG WITH SEVERAL OTHER INMATES, AWAITING COMPLETION OF "CELL SEARCHES" BEING CONDUCTED. I STOOD TO THE GROUP ROOM WINDOW, AND OBSERVED OFFICER C. HODGES, OFFICER LYNCH, AND SERGEANT MANNING "THROW" ALL MY LEGAL DOCUMENTS, ALL ACROSS THE INSIDE OF MY CELL. I THEN OBSERVED OFFICER C. HODGES WALK OUT OF MY CELL, WITH A VERY LARGE STACK OF LEGAL DOCUMENTS, AND THROWED THEM IN THE

SECTION VII "STATEMENT OF FACTS". CONTINUED FROM PAGE #8

TRASH CAN. WHICH WAS, POSITIONED THREE FEET AWAY FROM MY CELL-DOOR. I CONTINUED
TO WATCH OFFICER C. HODGES, OFFICER LYNCH, AND SERGEANT MANNING CONTINUE TO
THROW ALL MY PAPERWORK, AROUND THE INSIDE OF MY CELL. AFTER ALL THREE OFFICERS
EXITED MY CELL. I WAS ESCORTED BACK TO MY CELL. ONCE I ARRIVED BACK TO MY CELL,
I TOOK "VISUAL INVENTORY" OF THE MESS MADE. ABSOLUTELY, ALL OF MY LEGAL DOCUMENTS
HAD BEEN RIPPED OUT OF THE ENVELOPES. THE TOILET WAS FULL OF MY LEGAL DOCUMENTS,
WHICH WERE DESTROYED. THE LEGAL DOCUMENTS ON THE FLOOR, HAD BEEN INTENTIONALLY
STEPPED AND STOMPED ON, LEAVING MUD AND DIRT BOOT PRINTS SMEARED ALL OVER
THEM. ONE OF THE OFFICER'S "SPIT TOBACCO JUICE" ALL OVER THEM, FURTHER
RUINING THE LEGAL DOCUMENT'S. I CALLED LIEUTENENT CURTIS TO MY CELL-DOOR,
AND ASKED HIM, "WHY WAS HE ALLOWING THESE OFFICER'S TO TEAR UP AND DESTROY MY
PRIVILEGED LEGAL DOCUMENTS ? LIEUTENENT CURTIS RESPONDED, "BECAUSE YOU
LIKE WRITING GRIEVANCE'S AND FILING LAWSUITS". HE THEN WALKED AWAY. I
BEGAN GATHERING, CLEANING UP, AND INVENTORYING MY DOCUMENTS, WHEN
ANOTHER OFFICER (OFFICER CAVANAUGH) APPROACHED MY CELL-DOOR, AND SAID TO
ME, "THAT LIEUTENENT SWAIN (WHOM WAS ALSO PRESENT, SUPERVISING) SAID, "YOUR
CELL NEEDS TO BE SEARCHED AGAIN". I TOLD OFFICER CAVANAUGH, "TO LOOK AROUND
MY DESTROYED CELL, MY CELL HAS ALREADY BEEN SEARCHED". OFFICER CAVANAUGH
RESPONDED, "THAT HE DIDN'T CARE, AND ORDERED ME TO SUBMIT TO HAND-CUFF PROCEDURES".
I COMPLIED, AND WAS THEN ESCORTED BACK TO THE GROUP ROOM, WHERE INMATES,
WERE BEING HELD. I THEN OBSERVED OFFICER CAVANAUGH, STEP INSIDE MY CELL, AND
CLOSED THE DOOR, SO I COULDN'T SEE INSIDE THE CELL. AFTER SEVERAL MINUTES,
OFFICER CAVANAUGH CAME OUT MY CELL, AND ORDERED ME TO RETURN TO MY CELL. ONCE
I ARRIVED AT MY CELL. I NOTICED, AFTER LOOKING AROUND. THAT OFFICER CAVANAUGH
INTENTIONALLY "RIPPED TO PIECES" LARGE QUANTITIES, OF MY LEGAL DOCUMENTS. I
BEGAN IMMEDIATELY CONDUCTING A CAREFUL INVENTORY, TO DETERMINE," WHAT PROPERTY
WAS MISSING AND WHAT PROPERTY WAS DESTROYED.

I PREPARED A "LIST OF DESTROYED AND RUINED DOCUMENTS" THAT ☞ WERE
DESTROYED PERSONALLY BY THE NAMED OFFICERS.
A. (ONE)-PERSONAL COPY OF SUBMITTED 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT,
SUBMITTED IN THE UNITED STATES DISTRICT COURT (OCALA DIVISION).
B. (THIRTY)-INFORMAL AND FORMAL GRIEVANCES, SUBMITTED BETWEEN AUG. 1, 2008

Section VII "Statement of Facts" Continued From Page #8

through November 18, 2008.

C. (one) envelope containing "Forty Sworn Declarations" of various inmates testifying about the condition's at Union C.I.

D. (one) envelope containing legal letters, received from various attorney's, the Dept. of Justice, and the Attorney General's Office.

E. All court order's - issued by the United States District Court (Jacksonville Division), pertaining to case # 3:08-cv-761-J-32JRK.

I filed "Formal Grievance" Log Number # 0811-213-258. To the Wardens office. Concerning the unlawful confiscation and destruction of my legal documents... the Warden (M. Hicks) provided the following response: "The issue of your complaint has been referred to the office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to the appropriate administrator's for final determination and handling. You may consider your request for administrative remedy approved from that standpoint.

Because I was not seen, nor was interviewed by any administrative officer or inspector. I appealed the response and handling of the grievance, in "Formal Grievance" Log Number # 08-6-35005. Which I submitted to the Secretary's office. I received the following response: "The subject of your grievance is currently being reviewed by the investigative section of the office of the Inspector General. A copy of your complaint will be forwarded to that section, to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrator's for final determination and handling. Your request for action is denied".

(39)   Despite the numerous grievances submitted by the Plaintiff. No relief was granted, and no action was taken by the supervisory officials.

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

PLAINTIFF JONES, PURSUANT TO CLAIM'S MADE, HUMBLY REQUESTS THIS COURT

TO GRANT THE FOLLOWING RELIEF:

(A) THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUE'S TRIABLE BY JURY.

(B) THE PLAINTIFF SEEKS COMPENSATORY, NOMINAL, AND PUNITIVE DAMAGES

FROM DEFENDANTS, M.HICKS, L.POLHILL, S.T.ROBINSON, D.MALLARD,

P.JEFFERSON, J.AVILES, S.E.SWAIN, M.BESTOSO, J.U.DAVIS, J.CREWS,

A.COLEMAN, C.HODGES, LYNCH, CAVANAUGH, MANNING, KAUFMAN, BIRT, AND CURTIS.


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___29TH___ day of ___AUGUST___, 2_009_.

_____

(Signatures of all Plaintiffs)

SECTION VIII "RELIEF REQUESTED". CONTINUED FROM PAGE # 10

(C)     THE PLAINTIFF REQUEST THAT THE COURT DECLARE THAT THE EXCESSIVE AND
UN-JUSTIFIED FORCE, RETALIATORY METHOD'S, DENIAL OF MEDICAL CARE, AND
CRUEL AND INHUMANE CONDITION'S OF CONFINEMENT, VIOLATES THE FIRST,
EIGHTH, AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.
(D)    THE PLAINTIFF REQUEST, ALL COURT COST'S BE AWARDED TO PREVAILING
PLAINTIFF.


        ALL THESE CONDITION'S, BEING SOUGHT. THE PLAINTIFF REQUESTS
THIS COURT, HUMBLY GRANTS.

GRIEVANCE'S PERTAINING TO EXCESSIVE FORCE

(1) EMERGENCY FORMAL GRIEVANCE #0810-213-109 - TO THE WARDEN'S OFFICE
(2) FORMAL GRIEVANCE #OB-6-34343 - TO THE SECRETARY'S OFFICE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

*"EMERGENCY GRIEVANCE"* *"EMERGENCY GRIEVANCE"*

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D.          Y02506          UNION C.I.
      Last   First   Middle Initial          Number          Institution

"EMERGENCY GRIEVANCE" Part A – Inmate Grievance "EMERGENCY GRIEVANCE"

I'm FILING THIS "EMERGENCY GRIEVANCE" TO ASSERT A COMPLAINT, AGAINST SECURITY PERSONNEL OFFICER'S, OF V-DORMITORY, FOR "PHYSICALLY ASSAULTING" ME, AND APPLYING "UN-JUSTIFIABLE AND EXCESSIVE FORCE", FOR THE VERY PURPOSE OF INFLICTING HARM, AND NOT IN A GOOD FAITH EFFORT, TO RESTORE ORDER, AND DISCIPLINE.

ON FRIDAY, OCTOBER 10, 2008, AT APPROXIMATELY BETWEEN THE HOUR OF 1:30 PM - 2:30 PM. WHILE HOUSED IN V-DORMITORY (CELL #4104), OFFICER J. CREWS APPROACHED MY CELL DOOR, AND ORDERED ME, TO PACK-UP, ALL MY PERSONAL PROPERTY, BECAUSE I WAS BEING MOVED TO ANOTHER CELL. WHEN I ASKED OFFICER J. CREWS, "WHY WAS I MOVING TO ANOTHER CELL?" OFFICER J. CREWS RESPONDED, "SO THE CAMERA'S (IN THE QUAD AREA) CAN'T SEE YOU"... BEING THAT I WAS ALREADY DEPRESSED, AND FEELING SELF-INJURIOUS, I REQUESTED TO SEE THE DORMITORY PSYCHIATRIST. OFFICER J. CREWS TOLD ME, "LISTEN MOTHER-FUCKER, I DON'T HAVE TIME FOR YOUR SHIT, YOUR GOING TO MOVE ONE WAY OR ANOTHER". (EVERY WORD SPOKEN BY OFFICER J. CREWS). I WAS PREPARING TO CUT MY ARM OPEN, WHEN OFFICER J. CREWS TOLD ME, TO COME CUFF-UP, AND HE COULD ESCORT ME OUT, TO SEE THE PSYCHIATRIST. AFTER I WAS CUFFED-UP AND TAKEN OUT TO THE MEDICAL HOLDING CELL, OFFICER J. CREWS TOLD ME, I PROMISE YOU, YOUR GOING TO PAY FOR THIS SHIT". SEVERAL MINUTES WENT BY, BEFORE I WAS TAKEN INTO THE MEDICAL TREATMENT ROOM TO BE SEEN BY THE PSYCHIATRIST (DOCTOR KAUFMAN). DR. KAUFMAN ASKED ME, "WHAT WAS THE PROBLEM?" I RESPONDED, "I'M TIRED OF BEING CONTINUOUSLY HARASSED AND THREATENED BY THESE OFFICER'S." HE ASKED ME, "WHAT HAPPENED TO MAKE ME BECOME SO UPSET?" I TOLD DR. KAUFMAN, THAT THESE OFFICER'S SAY, "THEY WERE MOVING ME, SO I COULDN'T BE SEEN BY THE QUAD CAMERA'S... IN-DIRECTLY THREATENING ME. DR. KAUFMAN ASKED ME, WAS I INTENDING TO HARM MYSELF". I RESPONDED, "THAT WAS WHAT I WAS FEELING AT THE TIME." I WAS ESCORTED BACK TO THE HOLDING CELL. I WAS APPROACHED (SEE PAGE #2)

10-12-08
DATE

#Y02506
SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___ / ___
                                                                      #      Signature

Request For Administrative Remedy or Appeal
To. "The Warden's Office"
Continued From Page #1

...Again By Officer J. Crews, and Officer J.U.
Davis. The Holding Cell Door was Opened, and the "Leg
Shackles" were Taken Off Of Me. As I Began To Turn Back
Around, To Face The Officer's (J. Crews & J.U. Davis). Officer
J. Crews Punched Me With A Closed Fist, In My Rib Area, (4)
Four Times, I Fell To The Floor Unable To Breathe. The
Holding Cell Door, Was Slammed and Locked Back. Officer
J. Crews Told Me, "To Get Up and Strip Naked". I Told
Officer J. Crews, "That I Wanted To See His Supervisory
Official or Dr. Kaufman". Officer J. Crews Walked Away
From The Door. A Few Minutes Later, Lieutenant S. Swain
Approached The "Medical Holding Cell" and Said, "Jones I
Have a Doctor's Order To Come Get Your Clothes, and Place You
On Self-Harm Observation Status (SHOS), What Just Happened
To You, We Can't Change, But We Can Move On, and Forget It".
(Meaning The Assault Committed By Officer J. Crews).
After Giving Up My Clothes, I Was Escorted To Cell #4101.
As I Approached Cell Number #4101. I Noticed Their Was No
Mattress or No Blanket In The Cell. As I Entered The Cell,
I Asked Officer J.U. Davis and Officer J. Crews "Were
Was My Mattress and Blanket?" Officer J. Crew Responded "Man
Jones, You Don't Have To Worry About Either One, Mattress or
Blanket, I'm Going To Make Sure, The Doctor Doesn't Write
An Order For Either One Of Them". I Stepped Inside The Cell
and Sat Down. I Told Both Officer's, "That I Was Not Giving Up
The Handcuffs, Until I Was Given A Mattress and Blanket." An
Unknown Officer Went and Got Lieutenant S. Swain. As Soon
As Lieutenant S. Swain Entered The Cell, He Looked Down At
Me, Sitting Down, and Asked Me, "What The Hell Is Your Problem?"
(See Page #3)

(2)

Request For Administrative Remedy or Appeal
To: "The Warden's Office"
Continued From Page #2

... Without waiting for a response. Lt. S. Swain slapped me in the face, with an opened hand, busting the inside of my lip. After slapping me in the face, officer J. Crews snatched me, by the arm, and threw me to the floor, and began kicking me in the stomach, and lower back area. Officer J. V. Davis began kicking me in the stomach, and lower back area also.... The handcuffs were removed, and I fell to the floor, barely able to breathe. I was left with no mattress, no blanket. And every nurse, and officer refused my "declared medical emergency". I was left to suffer... The application of force used, was not to restore order or discipline, and used specifically to cause harm...

## ✳ REMEDY SOUGHT ✳

The Remedy sought is:

① An immediate medical examination, to determine the extent of my injuries, and;

② Severe disciplinary action be taken against officer J. Crews, J. V. Davis, and Lieutenant S. Swain for physically assaulting me, and applying un-justifiable and excessive force, solely to inflict pain and harm. The punishment should be nothing short of termination, from any "correctional officer" setting.

③ I request to be transfered to another "Transitional Care Unit" suitable for my mental health needs.

✳ I request all camera proceedings, be held for further proceedings...

10-12-08                                    #k25.06

**PART B - RESPONSE**

U4-101

| JONES, DAMIEN | Y02506 | 0810-213-109 | UNION C.I. | ~~U4103L~~ |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated.  The issue of your complaint has been referred to Office of the Inspector General for appropriate action.  Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

P. Jenkins                                      M. Hicks

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10-17-08 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
OCT 20 2008
UCI GRIEVANCE OFFICE

GRIEVANCES PERTAINING DOCTOR KAUFMAN, DEPRIVING BASIC HUMAN NEEDS

(1) FORMAL GRIEVANCE # 0810-213-108 - TO THE WARDEN'S OFFICE
(2) FORMAL GRIEVANCE # 08-6-33342 - TO THE SECRETARY'S OFFICE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From: ___JONES, DAMIEN D___   ___Y62500___   ___UNION C.I.___
  Last    First    Middle Initial          Number          Institution

---

### Part A – Inmate Grievance

I'M FILING THIS GRIEVANCE, TO ASSERT A COMPLAINT, AGAINST THE PSYCHIATRIST OF U-DORMITORY "DOCTOR KAUFMAN" FOR CORROBORATING WITH SECURITY PERSONNEL TO DEPRIVE INMATES OF THEIR "BASIC HUMAN NEEDS", AS STATED IN "SUPREME COURT RULING" — FARMER VERSUS BRENNAN AND THE "EIGHTH AMENDMENT OF THE U.S. CONSTITUTION, WHICH GUARANTEE'S THE PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT. THIS DOCTOR HAVE AUTHORIZED SECURITY PERSONNEL, TO REMOVE MY MATTRESS, SEVERAL TIMES, FOR PUNISHMENT FOR ME BEING PLACED ON "SELF-HARM OBSERVATION STATUS" (SHOS). ON OCTOBER 10,2008, I WAS PULLED OUT MY CELL, BY SECURITY STAFF TO BE INTERVIEWED BY DOCTOR KAUFMAN, BECAUSE I WAS HAVING SUICIDAL THOUGHTS. AFTER I WAS INTERVIEWED BY DR. KAUFMAN, AND HE TOLD ME I WAS GOING ON "SELF-HARM OBSERVATION STATUS (SHOS)". I WAS ASSAULTED BY SECURITY OFFICERS IN THE HOLDING CELL, IMMEDIATELY AFTER MY INTERVIEW WITH THE DOCTOR. THE OFFICER WENT AND SPOKE TO DR. KAUFMAN, AND CONVINCED HIM NOT TO GIVE ME A MATTRESS AND SECURITY BLANKET, OUT OF RETALIATION FOR MY DECLARING AN EMERGENCY...

✱ REMEDY SOUGHT ✱

THE REMEDY SOUGHT IS, THE IMMEDIATE DISMISSAL OF THIS DOCTOR FOR ALLOWING THE INFLUENCE OF SECURITY PERSONNEL, TO DICTATE HIS COURSE OF TREATMENT, WHICH LEAD TO ME SLEEPING ON COLD CONCRETE FOR (3) THREE DAYS.

Thanks

___5-12-09___          ___[signature] Y62500___
  DATE                 SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___ / _____
                                    #        Signature

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0810-213-108 | UNION C.I. | U4200L V2109 |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #0810-213-108

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Review of your medical record shows that on 10/10/08 you were placed on SHOS by Dr. Kaufman.  In Dr. Kaufmans medical opinion it was not in your best interest to have a mattress because of your behavior.  What is allowed in a SHOS is determined by your behavior.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

J. Aviles, CHO                           S. T. Robinson, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11/5/08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED
NOV 06 2009
UCI GRIEVANCE OFFICE

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: JONES DAMIEN D    Y02506    UNION C.I. (V2)
    Last  First  Middle Initial    Number    Institution

---

#### Part A – Inmate Grievance

05-6-33342

I'M FILING THIS GRIEVANCE, TO APPEAL "FORMAL GRIEVANCE" LOG NUMBER 0810-213-108, IN WHICH, I SUBMITTED TO THE WARDEN, TO ASSERT A COMPLAINT AGAINST THE MEDICAL PSYCHIATRIST (DR. KAUFMAN) FOR DELIBERATELY AND MALICIOUSLY CONSPIRING WITH SECURITY PERSONNEL, TO SUBJECT ME TO CRUEL AND INHUMANE CONDITION'S, FOR THE VERY PURPOSE OF CAUSING HARM... THE RESPONSE I RECEIVED FROM THE CHIEF HEALTH OFFICER (J. AVILES) AND ASSISTANT WARDEN (S.T. ROBINSON) WAS INADEQUATE AND SHALLOW, AND ONLY ATTEMPTING TO JUSTIFY PSYCHIATRIST (DR. KAUFMAN'S) RECKLESS DECISION. IN THEIR RESPONSE, THEY SAY "IN DR. KAUFMAN'S MEDICAL OPINION IT WAS NOT IN YOUR BEST INTEREST TO HAVE A MATTRESS BECAUSE OF YOUR BEHAVIOR. WHAT IS ALLOWED IN A SHOS IS DETERMINED BY YOUR BEHAVIOR". HOWEVER, NEITHER ONE OF THESE OFFICIAL'S STATE, "WHAT THE BEHAVIOR SUPPOSIVELY WAS?" NEITHER ONE OF THESE OFFICIAL'S MENTION THE FACT THAT I WAS ASSAULTED DIRECTLY AFTER MY INTERVIEW WITH DR. KAUFMAN, IN THE MEDICAL HOLDING CELL. BECAUSE OF SECURITY PERSONNEL'S FRUSTRATION OF MY GOING ON SHOS STATUS. I ATTEMPTED TO TELL DR. KAUFMAN OF THE ASSUALT, BUT HE WALKED BY IGNORING ME. DR. KAUFMAN INSTEAD USED HIS AUTHORITY, IN COLLABORATION WITH SECURITY PERSONNEL TO FORCE ME TO SLEEP IN AN EXTREMELY COLD CELL FOR (3) THREE DAYS, WITHOUT ANY MATTRESS OR BLANKET. THEIR WAS NO MEDICAL JUSTIFICATION FOR THIS ACTION. SO THEREFORE, I RESUBMIT ATTACHED FORMAL GRIEVANCE LOG NUMBER # 0810-213-108, FOR FURTHER REVIEW, AND CONSIDERATION

#### ✱ REMEDY SOUGHT ✱

I REQUEST BOTH GRIEVANCE'S BE REVIEWED, AND INVESTIGATED. THIS WAS THE SECOND OCCAISION WHERE DR. KAUFMAN HAVE LET THE INFLUENCE OF LT.S-SWAIN AND HIS SUBORDINATES SUBJECT ME TO INHUMANE CONDITION'S.
I AGAIN REQUEST TO KNOW WHAT THE BEHAVIOR WAS, I WAS SUPPOSIVELY EXHIBITING.
I ALSO REQUEST DISCIPLINARY ACTION AGAINST DR. KAUFMAN, FOR HIS RECKLESS TREATMENT

11-10-08
DATE

              # Y02506
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ☒ / ☒ ☒
                                     #      Signature

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-33342 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

The Assistant Director of Mental Health, Dr. Pittman also reviewed your appeal.

It is determined that the response made to you by Dr. Aviles on 11/5/08 appropriately addresses the issues you presented.

In accordance with Florida Department of Corrections policy, it is within the physicians clinical discretion to limit the items provided when an inmate is placed on Self Harm Observation Status. The record indicates you demonstrated active agitation and threats to yourself and others. Inmates do not have the authority to dictate disciplinary action on a health care staff member.

Should you experience problems, mental health sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Tournay, IISC

| | | 12/23/0 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

GRIEVANCES PERTAINING LEGAL DOCUMENTS BEING DESTROYED:

(1) GRIEVANCE OF REPRISAL # 0811-213-258 - TO THE WARDEN'S OFFICE.
(2) GRIEVANCE OF REPRISAL # 08-6-35005 - TO THE SECRETARY'S OFFICE.

*GRIEVANCE OF REPRISAL*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

*GRIEVANCE OF REPRISAL* (top right corner)

TO: ☒ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From:  JONES DAMIEN D.                    Y62506              UNION C.I.
    Last    First   Middle Initial       Number       Institution

---

GRIEVANCE OF REPRISAL      Part A – Inmate Grievance

I AM FILING THIS GRIEVANCE TO ASSERT A COMPLAINT AGAINST SECURITY PERSONNEL, FOR WILLFULLY, AND MALICIOUSLY, DESTROYING MY PERSONAL LEGAL DOCUMENTS, AND THE LEGAL DOCUMENTS, BELONGING TO INMATE (FRANK JAMES DC# 186939). THESE DOCUMENTS WERE INTENTIONALLY DESTROYED, FOR THE VERY PURPOSE OF HINDERING MY ACCESS TO THE COURTS, AND HINDERING (FRANK JAMES DC# 186939) ACCESS TO THE COURTS, IN VIOLATION OF THE FIRST AMENDMENT CONSTITUTIONAL RIGHT "WHICH GUARANTEE'S UNHINDERED ACCESS TO PETITION THE COURT'S FOR REDRESS." THIS TYPE OF HARASSMENT, IS A "RETALIATORY DEVICE", THAT THESE SECURITY OFFICER'S AND SUPERVISORY OFFICIAL'S ARE USING, TO DETER, OR THWART OUR ATTEMPTS TO SEEK COURT INTERVENTION... THE CAMERA'S WILL CLEARLY SHOW A LARGE QUANTITY OF LEGAL DOCUMENTS, ARE BEING BROUGHT OUT MY CELL, AND BEING THROWN IN A LARGE TRASH CAN. (THE TRASH CAN WAS SETTING DIRECTLY IN FRONT OF MY CELL). THESE SECURITY OFFICER'S WERE ACTING SOLELY ON THE ORDER'S OF THEIR SUPERVISING OFFICIAL. THESE SECURITY OFFICER'S, AND SUPERVISING OFFICIALS ARE CONTINUOUSLY BEING ALLOWED TO HARASS ME, AND INTERFER WITH MY PURSUIT OF JUSTICE, THIS ACT OF RETALIATION IS JUST ONE FORM OF HARASSMENT, AND INTERFERENCE, THAT NOW, WITH THE AID OF THE CAMERA, CAN BE SUBSTANTIATED. AND HOPEFULLY NOW, SOME DISCIPLINARY MEASURES CAN BE TAKEN, TO ELIMINATE THIS CONTINUOUS HARASSMENT AND INTERFERENCE... I SEEK "FULL REIMBURSMENT" FOR ALL ILLEGALLY DESTROYED PROPERTY. I ALSO SEEK "FULL REIMBURSMENT" TO COMPENSATE INMATE (FRANK JAMES DC# 186939) FOR HIS ILLEGALLY DESTROYED PROPERTY, I REQUEST ALL COMPENSATION BE DEPOSITED INTO OUR RESPECTIVE INMATE TRUST BANK ACCOUNTS. I REQUEST THAT "ALL VIDEO RECORDED PROCEEDING'S" TAPED DURING THE HOUR OF 9:00AM-10:10 AM, IN (V) VICTOR-DORMITORY, QUAD (2) TIDE, WHICH ARE POSITIONED IN THE DAYROOM, BE HELD FOR "FURTHER PROCEEDINGS."

ON NOVEMBER 18, 2008. AT APPROXIMATELY 9:00AM. WHILE HOUSED IN (V) VICTOR DORMITORY (CELL NUMBER # 2109). I WAS INSIDE MY CELL, WHEN OFFICER HODDES APPROACHED MY CELL DOOR, DURING A "MASS DORMITORY" SHAKE DOWN, AND ORDERED ME TO SUBMIT TO HANDCUFF PROCEDURES, SO I COULD BE ESCORTED OUT, TO THE "MEDICAL HOLDING CELLS", WHERE INMATES WERE BEING STRIPPED SEARCHED. AFTER BEING SEARCHED BY OFFICER DAVIS, I WAS ESCORTED BACK ONTO THE QUAD, AND PLACED IN THE GROUP ROOM, ALONG WITH SEVERAL OTHER INMATES, AWAITING COMPLETION OF "CELL SEARCHES" BEING CONDUCTED (SEE PAGE # 2)

---

11-19-08        * I REQUEST THAT VIDEO
  DATE      CAMERA'S OF V-DORM, ON
         11-18-08, BETWEEN 9-10:10 AM        D. D. J.    # Y62506
         BE REVIEWED AND PRESERVED.        SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____

SEE AT...        Signature

REQUEST FOR ADMINISTRATIVE REMEDY
CONTINUED FROM PAGE #1

I STOOD TO THE GROUP ROOM WINDOW, AND OBSERVED OFFICER HODGES, OFFICER
LYNCH, AND SERGEANT MANNING THROW ALL MY LEGAL DOCUMENTS, ALL ACROSS THE
INSIDE OF MY CELL... I THEN OBSERVED OFFICER HODGES WALK OUT OF MY CELL
(V-2109), BETWEEN THE HOUR OF 9:05 AM-9:30 AM, WITH A VERY LARGE STACK
OF LEGAL DOCUMENTS, AND THROW THEM IN THE TRASH CAN, POSITIONED (3) FEET
AWAY FROM MY CELL DOOR. I CONTINUED TO WATCH OFFICER HODGES, OFFICER LYNCH,
AND SERGEANT MANNING CONTINUE TO THROW ALL MY PAPERWORK, AROUND THE
INSIDE OF MY CELL... AFTER ALL (3) OFFICER'S EXITED MY CELL. I WAS ESCORTED
BACK TO MY CELL.. ONCE I ARRIVED BACK TO MY CELL, I TOOK "VISUAL INVENTORY" OF
THE MESS MADE, BY OFFICER'S HODGES, LYNCH, AND SERGEANT MANNING... ABSOLUTELY,
ALL OF MY DOCUMENTS HAD BEEN RIPPED OUT OF THE ENVELOPES. THE TOILET WAS FULL
OF MY LEGAL DOCUMENT'S, WHICH WERE DESTROYED. THE LEGAL DOCUMENTS ON THE
FLOOR, HAD BEEN INTENTIONALLY STEPPED, AND STOMPED ON; LEAVING MUD AND DIRT
BOOT PRINTS SMEARED ALL OVER THEM. ONE OF THE OFFICER'S "SPIT TOBACCO JUICE",
ALL OVER THE LEGAL DOCUMENTS, WHICH HAD BEEN SCATTERED, TORN, AND THROWN
ALL OVER THE FLOOR. I CALLED LIEUTENANT CURTIS TO MY CELL-DOOR, AND ASKED HIM,
"WHY WAS HE ALLOWING THESE OFFICER'S TO TEAR UP, AND DESTROY MY "PRIVILEGED
LEGAL DOCUMENTS". LIEUTENANT CURTIS RESPONDED, "BECAUSE YOU LIKE WRITING
GRIEVANCES, AND FILING LAWSUITS". HE THEN WALKED AWAY. I BEGAN GATHERING,
CLEANING UP, AND INVENTORYING MY DOCUMENTS; WHEN ANOTHER OFFICER (OFFICER
CAVANAUGH) APPROACHED MY CELL DOOR, BETWEEN THE HOUR OF 9:45 AM - 10:05 AM.
AND SAID TO ME, "LIEUTENANT SWAIN SAID "YOUR CELL NEEDS TO BE SEARCHED
AGAIN". I TOLD OFFICER CAVANAUGH "TO LOOK AROUND MY DESTROYED CELL'. I
TOLD HIM, "MY CELL HAS ALREADY BEEN SEARCHED". OFFICER CAVANAUGH RESPONDED
"THAT HE DIDN'T CARE", AND ORDERED ME TO SUBMIT TO HAND-CUFF PROCEDURE'S.
I SUBMITTED, AND WAS THEN ESCORTED BACK TO THE GROUP ROOM, WHERE INMATES, WERE
BEING HELD. I OBSERVED OFFICER CAVANAUGH STEP INSIDE MY CELL, AND
CLOSED THE DOOR, SO I COULDN'T SEE... AFTER SEVERAL MINUTES, OFFICER

(SEE PAGE 3

Request For Administrative Remedy
Continued From Page #2


Cavanaugh came out my cell, and ordered me to return to my cell. I was escorted back to my cell. Once I arrived at my cell. I noticed, after looking around my cell. That this officer (officer Cavanaugh) intentionally "ripped large quantities of my legal documents to pieces". I began immediately began conducting a careful inventory, to determine "what property was missing, and what property had been destroyed"... It was determined that a large portion of the illegally destroyed and ruined documents, belonged to inmate (Frank James DIC# 186939), "whom I was assisting, in the preparation of legal mail" (As The Rules of The Department of Corrections chapter 33-210.102 (12) "authorizes" stating, "inmates may assist other inmates in the preparation of legal documents and legal mail".. If, for the sake of argument, these security officers felt the legal documents I had, which belonged to inmate (Frank James DIC# 186939), were not supposed to be in my possession... chapter 33-602.203 (7)(h)-(dealing with "inmate property") states, "legal material belonging to another inmate shall be returned to the owner".

The malicious intent of these official's is evident. My legal documents were intentionally destroyed. My cell was destroyed twice, under the guise of being searched, when in actuality, the search was an "calculated excuse" to get inside my cell, and destroy my legal documents, along with the legal documents, I had in my possession, which belonged to inmate (Frank James DIC# 186939)... The named official's had the opportunity to follow the rules. As pertaining to the confiscation of inmate property, as outlined in "chapter 33-602.203 (B)(1)" as they are instructed, which reads "all cells, dormitories, and other areas of an institution may be searched in a reasonable manner at any time. A copy of form DC6-220 inmate impounded personal property list, shall be given for any property

(see page #4)

Request For Administrative Remedy
Continued From Page #3

Taken in such a search, if the property was taken from an area occupied by the inmate or under his control.

In addition, ~~33-602.018~~ Procedure 602.018(2)(h), states, "A cell or any other room or building will be left the way it was found, as much as possible, AND NEVER IN DISARRAY... which was definitely not adhered to, in my case, being's my personal property was ruined, and destroyed.

The rules in ~~33-602.018~~ Procedure 602.018(4)(b), which states, "All property confiscated during a search will be listed on an "Inmate Impounded Personal Property List" (DC6-220). Upon completion, this form will be signed and dated by the employee performing the search and the inmate from whom the items was taken ... (Subsection (4)(c)) states, "Inmate Impounded Personal Property List do not have to be given immediately for property taken during mass shakedown. However, THE PROPERTY TAKEN WILL BE KEPT AND PRESERVED ... (Subsection (4)(h)) states, "Regardless of whether or not the seized contraband results in a disciplinary report or criminal charges, the inmate may appeal the action through the grievance process to have the property returned." ... I was DENIED the oppertunity to appeal these named officials, decision to destroy my property.

I have prepared a list of destroyed and ruined document's, pertaining to both inmate's property respectively. I have attached thus said document, and marked it, for evidence, as "EXHIBIT A".

The retaliation and harassment, for grieving the violation of rules, and my pursuit of court intervention, is being influenced by Lt. S.E. Swain, and recently Lt. Curtis, whom are encouraging their subordinates, to commit these unlawful acts, must be eliminated. Disciplinary action must be taken to deter this behavior.

## ✶ REMEDY SOUGHT ✶

The Remedy Sought:

① In the midst of all the underlying facts, I request on the behalf of inmate (Frank James D/C# 186939), that all grievances, filed between

(see Page #

REQUEST FOR ADMINISTRATIVE REMEDY
CONTINUED FROM PAGE #4

JUNE 10, 2008 - NOVEMBER 18, 2008 (FORMAL AND INFORMAL GRIEVANCES
ALIKE) BE REFURNISHED, RE-COPIED, AND SENT BACK TO HIM.

(2) IN THE MIDST OF ALL THE UNDERLYING FACTS, I REQUEST THAT ALL "SICK-
CALL REQUEST " COPIES BE MADE AND SENT BACK TO INMATE (FRANK JAMES DC# 186939)

(3) IN THE MIDST OF ALL THE UNDERLYING FACTS, I REQUEST "FULL COMPENSATION",
FOR ALL THE NAMED LEGAL DOCUMENTS, LISTED IN "EXHIBIT A ", WHICH WERE
INTENTIONALLY AND MALICIOUSLY DESTROYED.

(4) I REQUEST THAT LT. S.E. SWAIN, LT. CURTIS, AND SUBORDINATE OFFICER'S
IN THEIR CHARGE BE ORDERED, "TO CEASE, AND REFRAIN FROM HARASSING, AND
INTERFERING WITH MY ACCESS TO THE COURTS.

(5) I REQUEST DISCIPLINARY ACTION, BE TAKEN AGAINST LT. S.E. SWAIN, LT.
CURTIS, OFF. HODGES, OFF. LYNCH, OFF. CAVANAUGH, AND SGT. MANNING, FOR
INTENTIONALLY DESTROYING LEGAL DOCUMENTS, AND USING RETALIATORY
TACTICS, TO INTERFER WITH MY ACCESS TO THE COURTS...

11-19-08                                    D_DA # 402506

NOTE: "INMATE FRANK JAMES, AND MYSELF ARE PLAINTIFFS, AND
LIEUTENENT S.E. SWAIN IS A DEFENDANT, THEREFORE IT IS IN HIS
BEST INTEREST TO LEAVE HIS ASSIGNED POST (U) DORMITORY AND
BRING HIS ADMINISTRATION SERGEANT MANNING, AND HIS HOUSING
OFFICERS HODGES AND LYNCH, AND SUPERVISE A CELL SEARCH THAT
HOUSES (2) TWO PLAINTIFFS LEGAL DOCUMENTS, IN ANOTHER DORMITORY
(V), WHERE WE ARE HOUSED.

"EXHIBIT A"

A LIST OF DESTROYED AND RUINED DOCUMENTS:

(1) DESTROYED AND RUINED DOCUMENTS, BELONGING TO INMATE (FRANK JAMES) D/C# Y62506

A... (150) FORMAL AND INFORMAL GRIEVANCES, SUBMITTED BY HIM, WITH THE MAJORITY BEING SUBMITTED FROM; JUNE 10, 2008 - NOVEMBER 18, 2008.

B... (1) 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT, FULLY COMPLETED AND AWAITING COPIES.

C... (4) LEGAL LETTERS MAILED FROM SENATOR BILL NELSON, THE ATTORNEY GENERAL, THE CIVIL RIGHTS SECTION (DEPT. OF JUSTICE).

D... (25) PINK COPIES OF SICK-CALL FORMS, SUBMITTED FROM JUNE 10, 2008 - NOVEMBER 18, 2008.

(2) DESTROYED AND RUINED DOCUMENTS, BELONGING TO ME (DAMIEN D. JONES).

A... (1) COPY OF SUBMITTED - 42 U.S.C. 1983 CIVIL COMPLAINT, SUBMITTED IN THE UNITED STATES DISTRICT COURT (OCALA DIVISION)

B... (30) FORMAL AND INFORMAL GRIEVANCES, SUBMITTED BETWEEN AUGUST 1, 2008 - NOVEMBER 18, 2008.

C... (1) ENVELOPE CONTAINING (40) "SWORN DECLARATIONS" OF VARIOUS INMATES TESTIFYING ABOUT THE CONDITIONS, AT UNION C.I.

D... (1) ENVELOPE CONTAINING LEGAL LETTER'S RECIEVED FROM ATTORNEY CASSANDRA CAPOBIANCO, THE ATTORNEY GENERAL, AND THE DEPT. OF JUSTICE.

E... ALL COURT ORDER'S ISSUED BY THE UNITED STATES DISTRICT COURT (JACKSONVILLE DIVISION), PERTAINING TO AN ACTIVE CASE, BEFORE THE COURT.

* ALL THESE THINGS WERE DESTROYED BY STAFF.

11-19-08                          Dan D. Jones D/C# Y62506

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0811-213-258 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

P. Jenkins                                    M Hicks

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11-25-08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

NOV 20 2008

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden       ☐ Assistant Warden       ☒ Secretary, Florida Department of Corrections

From: __Jones  Damien D__        __Y62506__        __Union C.I. (V2)__
      Last   First   Middle Initial        Number        Institution

---

Part A – Inmate Grievance        08-6-35005

I AM APPEALING FORMAL GRIEVANCE LOG NUMBER # 0811-213-258. WHICH IS A "GRIEVANCE OF REPRISAL", WHICH I FILED TO THE WARDEN. SUBJECT MATTER WAS SECURITY PERSONNEL CONTINUOUSLY BEING ALLOWED TO USE "RETALIATORY ACTS" TO DETER AND THWART MY ATTEMPTS TO SEEK COURT INTERVENTION. I HAVE REPEATEDLY FILED GRIEVANCE AFTER GRIEVANCE TO SUPERVISORY OFFICIALS, SEEKING RELIEF AND PROTECTION, FROM THESE RETALIATING OFFICIALS AND OFFICERS (SEE GRIEVANCE LOG NUMBERS: (1) 11-2008-150, (2) 11-2008-147, (3) 0810-213-300, (4) 0810-213-168, (5) 09-2008-327, (6) 0808-213-330, (7) 08-6-28424, (8) 0810-213-109, (9) 0810-213-108, (10) 08-6-27487, (11) 0808-213-331, (12) 0810-213-110, (13) 0810-213-004, (14) 0811-213-005, (15) 0810-213-306, (16) 0810-23-500, (17) 0808-213-317, (18) 0811-213-120, (19) 08-6-33328, (20) 0811-213-284, (21) 0811-213-282, (22) 0811-213-258) TO NAME A FEW, WHICH I FILED REQUESTING HELP AND PROTECTION, FROM THE OFFICERS.

   SINCE AUGUST 1, 2008 (AND PRIOR TO), I HAVE BEEN SUBJECTED TO MANY FORMS OF RETALIATION AND HARASSMENT. ON THIS DATE, I FILED A CIVIL RIGHTS COMPLAINT, AGAINST 32 VARIOUS OFFICIALS, AND OFFICER'S, CHALLENGING THE UNLAWFUL PRACTICES, AND UNLAWFUL CONDITIONS, BEING EMPLOYED AT UNION C.I... BECAUSE I CHOOSE TO EXERCISE MY RIGHT TO FILE GRIEVANCE'S, CHALLENGING THESE UNLAWFUL PRACTICES, AND UNLAWFUL ~~CONDITIONS~~ CONDITIONS, BEING IMPOSED BY SECURITY PERSONNEL. I HAVE BEEN TARGETED BY SECURITY PERSONNEL AND SUPERVISORY OFFICIALS, TO BE THE RECIPIENT, OF THE MANY FORMS OF RETALIATION.

   NO ACTION, HAS BEEN TAKEN BY SUPERVISORY OR ADMINISTRATIVE OFFICIALS, NOR BY ANY INSPECTOR OR INVESTIGATOR, WHOM I'VE ALL WRITTEN COUNTLESS TIMES, SEEKING PROTECTION FROM THESE RETALIATING OFFICIALS AND OFFICERS.

   THE RESPONDING OFFICIAL, IN FORMAL GRIEVANCE LOG NUMBER # 0811-213-258 (GRIEVANCE OF REPRISAL) STATES, "THE ISSUE OF THE COMPLAINT HAS BEEN FORWARDED TO THE OFFICE OF THE INSPECTOR GENERAL FOR APPROPRIATE ACTION"... THIS SEEMS TO BE A "STANDARD RESPONSE". N: ACTION HAS BEEN TAKEN THUS FAR... SO THEREFORE, I PETITION YOUR OFFICE, SEEKING A THOROUGH INVESTIGATION. I REQUEST AN INTERVIEW FROM AN INSPECTOR. I REQUEST MY WITNESSES BE INTERVIEWED, AND I REQUEST THE CAMERA'S (WHICH I REQUESTED BE PRESERVED) BE REVIEWED... (SEE PAGE # 2)

__11-30-08__                                    _____ # Y62506
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____
                                                                    #   Signature

# REQUEST FOR ADMINISTRATIVE REMEDY
# CONTINUED FROM PAGE #1

I REQUEST THAT ALL THE REMEDY SOUGHT BE GRANTED, AND COMPENSATION BE AWARD. AND DISCIPLINARY ACTION, BE HANDED TO THESE OFFICIALS INVOLVED.
ON NOVEMBER 18, 2008. AT APPROXIMATELY 9:00 AM. WHILE HOUSED IN (V) VICTOR DORMITORY (CELL NUMBER # 2109). I WAS INSIDE MY CELL, WHEN OFFICER HODGES APPROACHED MY CELL DOOR, DURING A "MASS DORMITORY" SHAKEDOWN, AND ORDERED ME TO SUBMIT TO HANDCUFF PROCEDURE'S, SO I COULD BE ESCORTED OUT TO THE "MEDICAL HOLDING CELLS", WHERE INMATES WERE BEING STRIP SEARCHED. AFTER BEING SEARCHED BY OFFICER J.J. DAVIS, I WAS ESCORTED BACK ONTO THE QUAD, AND PLACED IN THE GROUP ROOM, ALONG WITH SEVERAL OTHER INMATES, AWAITING COMPLETION OF "CELL SEARCHES" BEING CONDUCTED. I STOOD TO THE GROUP ROOM WINDOW, AND OBSERVED OFFICER HODGES, OFFICER LYNCH, AND SERGEANT MANNING " THROW ALL MY LEGAL DOCUMENTS ", ALL ACROSS THE INSIDE OF MY CELL. I THEN OBSERVED OFFICER HODGES WALK OUT OF MY CELL (V-2109), BETWEEN THE HOUR OF 9:05 AM - 9:30 AM, WITH A VERY LARGE STACK OF LEGAL DOCUMENTS, AND THROW THEM IN THE TRASH CAN, POSITIONED (3) THREE FEET, AWAY FROM MY CELL DOOR. I CONTINUED TO WATCH OFFICER HODGES, OFFICER LYNCH, AND SERGEANT MANNING CONTINUE TO THROW ALL MY PAPER, AROUND THE INSIDE OF MY CELL.. AFTER ALL (3) THREE OFFICER'S EXITED MY CELL. I WAS ESCORTED BACK TO MY CELL. ONCE I ARRIVED BACK TO MY CELL, I TOOK " VISUAL INVENTORY " OF THE MESS MADE, BY OFFICER HODGES, OFFICER LYNCH, AND SERGEANT MANNING... ABSOLUTELY, ALL OF MY DOCUMENTS HAD BEEN RIPPED OUT OF THE ENVELOPES. THE TOILET WAS FULL OF MY LEGAL DOCUMENTS, WHICH WERE DESTROYED. THE LEGAL DOCUMENTS ON THE FLOOR, HAD BEEN INTENTIONALLY STEPPED AND STOMPED ON, LEAVING MUD AND DIRT, BOOT PRINTS SMEARED ALL OVER THEM. ONE OF THE OFFICERS "SPIT TOBACCO JUICE" ALL OVER THE LEGAL DOCUMENTS, WHICH HAD BEEN SCATTERED, TORN, AND THROWN ALL OVER THE FLOOR. I CALLED LIEUTENANT CURTIS TO MY CELL-DOOR, AND ASKED HIM "WHY WAS HE ALLOWING THESE OFFICERS TO TEAR UP, AND DESTROY MY "PRIVILEGED LEGAL DOCUMENTS ?" LIEUTENANT CURTIS RESPONDED "BECAUSE YOU LIKE

( SEE PAGE 3

# Request for Administrative Remedy

## Continued from Page #2

Writing Grievance's and Filing Lawsuits". He then walked away. I began gathering, cleaning up, and inventorying my documents, when another officer (Officer Cavanaugh) approached my cell-door, between the hour of 9:45am - 10:05am, and said to me, " Lieutenent Swain sato° Your cell needs to be searched again". I told Officer Cavanaugh "to look around my destroyed cell". I told him, "my cell has already been searched". Officer Cavanaugh responded "that he didn't care", and ordered me to submit to Hand-cuff Procedure's. I submitted, and was then escorted back to the Group Room, where inmates were being held. I observed Officer Cavanaugh step inside my cell, and closed the door, so I couldn't see... After several minutes, Officer Cavanaugh came out my cell, and ordered me to return to my cell. I was escorted back to my cell. Once I arrived at my cell. I noticed, after looking around my cell. That this officer (Officer Cavanaugh) intentionally "ripped large quantities of my legal documents to pieces".. I began immediately conducting a careful inventory, to determine "what property was missing, and what property had been destroyed"... It was determined that a large portion of the illegally destroyed and ruined documents, belonged to inmate (Frank James <sup>Dic#</sup> 186939), "whom I was assisting, in the preparation of legal mail". (As the Rules of the Department of Corrections Chapter 33-210. 102(12) authorizes) stating "inmates may assist other inmates in the preparation of legal documents, and legal mail"...

The Malicious Intent of these Officials is evident. My legal documents were intentionally destroyed. My cell was destroyed twice, under the guise of being searched, when in actuality, the search was an "calculated, premeditated excuse" to get inside my cell, and destroy my legal documents, along with the legal documents, I had in my possession, which belonged to inmate (Frank James <sup>Dic#</sup> 186939). The named officials' had the opportunity to follow the rules. As pertaining to

(see Page 4

REQUEST FOR ADMINISTRATIVE REMEDY
CONTINUED FROM PAGE #3

TO THE CONFISCATION OF INMATE PROPERTY, AS OUTLINED IN "CHAPTER 33-602. 203 (8)(a)" AS THEY ARE INSTRUCTED, WHICH READS "ALL CELLS, DORMITORIES, AND OTHER AREAS OF AN INSTITUTION MAY BE SEARCH IN A REASONABLE MANNER AT ANY TIME. A COPY OF FORM DC6-220, INMATE IMPOUNDED PERSONAL PROPERTY LIST, SHALL BE GIVEN FOR ANY PROPERTY TAKEN IN SUCH A SEARCH, IF THE PROPERTY WAS TAKEN FROM AN AREA OCCUPIED BY THE INMATE OR UNDER HIS CONTROL.

IN ADDITION, PROCEDURE 602.018 (2)(h), STATES, "A CELL OR ANY OTHER ROOM OR BUILDING WILL BE LEFT THE WAY IT WAS FOUND, AS MUCH AS POSSIBLE, AND NEVER IN DISARRAY... WHICH WAS DEFINITELY NOT ADHERED TO, IN MY CASE, BEINGS MY PERSONAL PROPERTY WAS RUINED AND DESTROYED.

THE RULES IN PROCEDURE 602.018 (4)(b), WHICH STATES, "ALL PROPERTY CONFISCATED DURING A SEARCH WILL BE LISTED ON AN "INMATE IMPOUNDED PERSONAL PROPERTY LIST" (DC6-220). UPON COMPLETION, THIS FORM WILL BE SIGNED AND DATED BY THE EMPLOYEE PERFORMING THE SEARCH, AND THE INMATE FROM WHOM THE ITEMS WAS TAKEN... SUBSECTION (4)(c) STATES, "INMATE IMPOUNDED PERSONAL PROPERTY LIST, DO NOT HAVE TO BE GIVEN IMMEDIATELY FOR PROPERTY TAKEN DURING MASS SHAKEDOWN. HOWEVER, THE PROPERTY WILL BE KEPT AND PRESERVED... SUBSECTION (4)(h) STATES, "REGARDLESS OF WHETHER OR NOT THE SEIZED CONTRABAND RESULTS IN A DISCIPLINARY REPORT OR CRIMINAL CHARGES, THE INMATE MAY APPEAL THE ACTION THROUGH THE GRIEVANCE PROCESS TO HAVE THE PROPERTY RETURNED". I WAS DENIED THE OPPERTUNITY TO APPEAL THESE NAMED OFFICIALS, DECISION TO DESTROY MY PROPERTY.

I HAVE PREPARED A LIST OF DESTROYED AND RUINED DOCUMENTS, PERTAINING TO BOTH INMATES PROPERTY RESPECTIVELY. I HAVE ATTACHED THUS SAID DOCUMENT, AND MARKED IT FOR EVIDENCE, AS "EXHIBIT A".

THE RETALIATION AND HARASSMENT, FOR GRIEVING THE VIOLATION OF RULES, AND MY PURSUIT OF COURT INTERVENTION, IS

(SEE PAGE 5

(4)

Request For Administrative Remedy
Continued From Page # 4

Is Being Influenced By Lt. S.E. Swain And Recently Lt. Curtis, Whom Are Encouraging Their Subordinates, To Commit These Unlawful Acts, Must Be Eliminated. Disciplinary Action Must Be Taken To Deter This Behavior.

## * Remedy Sought *

1. In The Midst Of All The Underlying Facts, I Request On The Behalf Of Inmate (Frank James # 186939), That All Grievances, Filed Between June 10, 2008 - November 15, 2008 (Formal And Informal Grievances Alike) Be Refurnished, Re-Copied, And Sent Back To Him.

2. In The Midst Of All The Underlying Facts, I Request That All "Sick-Call Request" Copies Be Made And Sent Back To Inmate (Frank James D/C 186939).

3. In The Midst Of All The Underlying Facts, I Request "Full Compensation" For All The Named Documents, Listed In "Exhibit A", Which Were Intentionally And Maliciously Destroyed.

4. I Request That Lt. S.E. Swain, Lt. Curtis, And Subordinate Officer's In Their Charge, Be Ordered, "To Cease And Refrain From Harassing, And Interfering With My Access To The Courts.

5. I Request Disciplinary Action, Be Taken Against Lt. S.E. Swain, Lt. Curtis, Off. Hodges, Off. Lynch, Sgt. Manning, And Off. Cavanaugh, For Intentionally Destroying My Legal Documents, And Using Retaliatory Tactics, To Interfer With My Access To The Courts.

Let It Be Noted: All These Named Officer's Are (v) Uncle-Dormitory Officers Under Lt. S.E. Swain's Authority... Inmate Frank James And Myself Are Co-Litigants In A Civil Action, Involving Lt. S.E. Swain. This Is The Reason, Why My Legal Mail Is Being Confiscated And Destroyed, Under His Order's And Influence... Please Preserve Camera Proceeding, From Nov. 18, 2008, From (v) Victor Dormitory, Quad (2) Two Dayroom, During Hour Of 9:00 Am - 10:20 Am

(5)

DEC 1 3 2008

. Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-35005 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

Please be advised the grievance process is not to be utilized to ask questions, seek information, guidance or assistance.

If you fear staff, contact the institutional inspector.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

S. MILLIKEN

_____
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

GRIEVANCE'S PERTAINING TO LIEUTENT SWAIN, DESTROYING MY LEGAL DOCUMENTS ON HIS ORDER'S...

(1) GRIEVANCE OF REPRISAL #0811-213-120 - TO THE WARDEN'S OFFICE.

(2) GRIEVANCE OF REPRISAL # 08-6-34449 - TO THE SECRETARY'S OFFICE.

(3) GRIEVANCE OF A SENSITIVE NATURE # 08-6-33394 - TO THE SECRETARY'S OFFICE.

(4) INFORMAL GRIEVANCE # 11-08-356 - TO THE WARDEN'S OFFICE.

(5) FORMAL GRIEVANCE # 0812-213-070 - TO THE WARDEN'S OFFICE.

(6) FORMAL GRIEVANCE # 08-6-36910 - TO THE SECRETARY'S OFFICE.

GRIEVANCE of
REPRISAL

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: JONES, DAMIEN .D.          Y02506          UNION C.I.
    Last   First   Middle Initial          Number          Institution

---

### Part A – Inmate Grievance

I'M FILING THIS "GRIEVANCE OF REPRISAL", TO ASSERT A COMPLAINT, AGAINST SECURITY PERSONNEL, FOR "PURPOSELY AND MALICIOUSLY" CONFISCATING "ALL" MY LEGAL MATERIAL, IN AN ILLEGAL SEIZURE, IN THEIR EFFORT TO DETER, AND THWART MY ATTEMPT TO SEEK COURT INTERVENTION. I HAVE BEEN SUBJECTED TO FURTHER "PETTY HARASSMENT" AND "VERBAL THREATS", BY THESE SAME OFFICIALS ON AUGUST 20, 2008. WHILE HOUSED IN U-DORMITORY (#4107). LT. S. SWAIN MADE SEVERAL THREATS TO ME, WHICH HE AS A SUPERVISORY OFFICIAL, IS MORE THAN ABLE TO CARRY OUT. HE THREATENED THAT "I WOULD NOT RECEIVE ANY INCOMING OR OUT-GOING LEGAL MAIL COMING FROM THE COURTS, THAT HIS OFFICERS WOULD FORGE MY SIGNATURE, AND KEEP MY LEGAL MAIL".

I SUBMIT, THAT IT IS WELL DOCUMENTED THAT SECURITY PERSONNEL HAVE MADE SIMILAR THREATS, IN THE PAST. SECURITY PERSONNEL SHOULD NOT BE ALLOWED TO HANDLE LEGAL MAIL, WHETHER IT'S INCOMING OR OUT-GOING. (ESPECIALLY WHEN THE LEGAL MAIL IS PERTAINING PERSONALLY TO THEM). ON THIS SAME DAY, LT. S. SWAIN CONFISCATED ALL MY LEGAL DOCUMENTATION, PERTAINING TO A CIVIL ACTION, FOR WHICH HE'S INVOLVED. I INTEND TO FILE A "SUPPLEMENTAL COMPLAINT" AGAINST THIS OFFICIAL, AND SUBORDINATE OFFICIALS, WHO PARTICIPATED IN DESTROYING MY LEGAL WORK. AND AGAINST THE "SUPERVISORY OFFICIALS, OF THE INSTITUTION. WHO CHOOSE'S TO DISREGARD THIS CALLOUS AND RECKLESS BEHAVIOR, BY IT'S PERSONNEL STAFF...

THE REMEDY SOUGHT... IS TO HAVE THE "LEGAL MAIL" DELIVERY AND RETRIEVAL DUTIES, TAKEN FROM CORRECTIONAL OFFICERS, AND GIVEN TO A MAIL ROOM OFFICIAL, WHO IS ALREADY CHARGED WITH ENSURING MAIL IS DELIVERED, PURSUANT TO "FEDERAL LAW"...

8-22-08
DATE

Damien D. Jones
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

____ / ____
    #      Signature

INSTRUCTIONS

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0811-213-120 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

NOT ACCEPTED AS A GRIEVANCE OF REPRISAL
Your request for administrative remedy is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, and Inmate Grievance Procedure. The rule requires that you first submit an informal grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of the informal grievance, or an acceptable reason for not following the rules.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit an informal grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your grievance is returned without action.

P. Jenkins                    M. Hicks

_____        _____        _11-17-18_
SIGNATURE AND TYPED OR PRINTED NAME       SIGNATURE OF WARDEN, ASST. WARDEN, OR      DATE
OF EMPLOYEE RESPONDING                     SECRETARY'S REPRESENTATIVE


COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding


COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

MAILED
NOV 19 2008
UCI GRIEVANCE OFFICE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections

From: JONES, DAMIEN J      Y02506      UNION C.I. (V2)
Last   First   Middle Initial      Number      Institution

GRIEVANCE OF REPRISAL     Part A – Inmate Grievance    08-6344/9    GRIEVANCE OF REPRISAL

I'm RE-FILING THIS "GRIEVANCE OF REPRISAL", TO ASSERT A COMPLAINT, AGAINST SECURITY PERSONNEL, FOR ABUSING "RETALIATORY MEASURE'S" AGAINST ME, FOR FILING GRIEVANCE'S FOR UNLAWFUL CONDUCT, AND SEEKING REDRESS FROM THE COURTS... MY LEGAL PROPERTY WAS CONFISCATED IN AN ILLEGAL, AND UNLAWFUL SEIZURE, IN THESE PERSONNEL'S OFFICER'S ATTEMPT TO DETER AND THWART MY ATTEMPT TO SEEK COURT INTERVENTION.. THE WARDEN'S OFFICE REFUSE'S TO ACKNOWLEDGE AND TAKE ANY ACTION. THE DELIBERATE INDIFFERENCE BEING SHOWN BY HIS OFFICE, FOR REFUSING TO INTERVENE, IS QUITE CLEAR. MY LEGAL DOCUMENTS WERE DESTROYED BY THIS OFFICIAL, AND I WAS FURTHER "THREATENED," SAYING IN-COMING AND OUT-GOING LEGAL MAIL, FOR OR FROM ME, WOULD BE DESTROYED. THEREFORE, I AM RE-SUBMITTING GRIEVANCE LOG NUMBER (0811-213-120), FOR RE-EVALUATION, AND CONSIDERATION.

### ✗ REMEDY SOUGHT ✗

① I REQUEST THAT "LT. SWAIN AND HIS SUBORDINATES BE ORDERED TO REFRAIN FROM UNLAWFULLY AND ILLEGALLY CONFISCATING MY PROPERTY (TO INCLUDE ALL MY LEGAL DOCUMENTS)
② I REQUEST THAT LT. SWAIN BE ORDERED TO RETURN ALL MY CONFISCATED LEGAL DOCUMENTS.
③ I REQUEST ALL THE FACTS IN GRIEVANCE LOG NUMBER 0811-213-120, BE RE-CONSIDERED, BE RE-EVALUATED; IN ADDITION, I REQUEST DISCIPLINARY MEASURE'S BE TAKEN TO DETER THIS TYPE OF RETALIATION, BY OFFICIALS, IN THE FUTURE.

11-19-08
DATE

_____ # Y02506
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
#      Signature

MAILED / FILED
WITH AGENCY CLERK

DEC 0 8 2008

Department of Corrections
State of Florida

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-34449 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Note: This grievance is not accepted as a grievance of reprisal.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.

Furthermore, the institution was contacted and advised Lieutenant Swain denies destroying your legal work.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

S. MILLIKEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12/4/00 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
- (2 Copies) Inmate
- (1 Copy) Inmate's File
- (1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
- (1 Copy) Inmate
- (1 Copy) Inmate's File - Inst./Facility
- (1 Copy) C.O. Inmate File
- (1 Copy) Retained by Official Responding



"OF A SENSITIVE NATURE"

"OF A SENSITIVE NATURE"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D      Y02506      UNION C.I. (V2)
    Last   First   Middle Initial    Number    Institution

                                       OXG-33314

EMERGENCY "OF A     Part A – Inmate Grievance     SENSITIVE NATURE."

ON JULY 29, 2008. I FILED A "CIVIL RIGHTS" LAWSUIT, IN THE "UNITED STATES DISTRICT COURT". CHALLENGING THE CONDITIONS, MYSELF AND OTHER INMATES HAVE BEEN SUBJECTED TO, SINCE BEING ADMITTED IN THE "MENTAL HEALTH TRANSITIONAL CARE UNIT"... I AM CURRENTLY HOUSED IN V-DORMITORY, WITH (5) FIVE FULL-TIME "SECURITY PERSONNEL OFFICER'S," AND (1) ONE FULL-TIME "MEDICAL STAFF EMPLOYEE, WHOM I'VE NAMED, AS DEFENDANT'S IN THIS "CIVIL LAWSUIT"... I'M WRITING THIS GRIEVANCE, BECAUSE YESTERDAY, ON AUGUST 29, 2008. I WAS PULLED OUT MY CELL, WHICH WAS V-1104, AND MOVED TO V-4107. HOWEVER, MY PROPERTY, AND ALL MY LEGAL MATERIAL, AND WRITING UTENSIL'S, WERE CONFISCATED, BY THE "SECURITY" PERSONNEL OFFICER'S", WHOM I'VE NAMED, IN THIS CIVIL ACTION. I WAS TOLD, BY THESE OFFICER'S THAT "THEY WERE GOING TO THROW MY LEGAL MATERIAL, AND WRITING UTENSIL'S AWAY, BECAUSE OF MY LITIGATION, IN THE COURT'S." AFTER I WAS PLACED IN THIS CELL, CLASSIFICATION OFFICER "MS. T. MANNING (WHO'S ALSO THE "NOTARY PUBLIC" OFFICIAL) CAME INTO V-DORMITORY, TO NOTARIZE, SOME LEGAL DOCUMENTS, THAT I WAS ORDERED TO SUBMIT, TO THE "UNITED STATES DISTRICT COURT". INSTEAD OF "MS. MANNING BEING ALLOWED TO ENTER THE QUAD...LT. S. SWAIN APPROACHED MY CELL-DOOR, AND SAID TO ME, "I GUESS YOU WON'T BE NEEDING ANYTHING NOTARIZED, BECAUSE I GOT YOUR PROPERTY, AND GUESS WHAT, WHEN I GET FINISHED WITH YOUR PROPERTY, THEIR WON'T BE ANY LEGAL DOCUMENT'S TO NOTARIZE". (EVERY WORD SPOKEN, BY LIEUTENANT S. SWAIN; "A DEFENDANT IN THIS CIVIL ACTION.") I TOLD LT. S. SWAIN, "THAT HE WAS WRONG FOR KEEPING MY PROPERTY, AND THREATENING TO TEAR IT UP", I ASKED LT. S. SWAIN, "WHY WON'T HE JUST MOVE ME, TO ANOTHER DORMITORY". LT. S. SWAIN RESPONDED, "WHEN YOU GET BACK, THE STUFF I GIVE YOU, IT WILL BE ALL TRASH. I'M GOING TO TEACH YOU, ABOUT THAT WRITING YOU'VE BEEN DOING, AND IF I DID MOVE YOU TO ANOTHER DORMITORY (SEE PAGE # 2)

8-24-08
DATE

_Damien D. Jones_ # Y02506
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

                                               /
                                         #           Signature

"REQUEST FOR ADMINISTRATIVE REMEDY' OR APPEAL"
TO: "THE SECRETARY'S OFFICE"
CONTINUED FROM PAGE # 1

THE SAME THING IS GOING TO HAPPEN, YOU WILL ONLY
BE A PHONE-CALL AWAY. YOUR NOT SENDING OUT ANY LEGAL WORK,
OR RECEIVING ANY LEGAL WORK, WHETHER IN U-DORM, V-DORM, OR
S-DORM, YOUR FINISHED." (EVERY WORD SPOKEN, BY LIEUTENENT S.
SWAIN)... TODAY IS AUGUST 21, 2008. I STILL HAVE NOT BEEN
GIVEN MY PROPERTY (INCLUDING MY LEGAL MATERIAL, AND WRITING
UTENSILS). IT'S BEEN 24 HOURS!!! I AM NOT ON ANY TYPE OF
"PROPERTY RESTRICTION", MY PROPERTY, AND LEGAL MATERIAL,
HAS BEEN UN-JUSTIFIABLY CONFISCATED, BY THIS SUPERVISORY
OFFICIAL. IN HIS ATTEMPT," TO TWART MY ATTEMPT, TO SEEK COURT
INTERVENTION", WHICH IS MY CONSTITUTIONAL RIGHT!!! I AM
BEING RETALIATED AGAINST, AND BEING DENIED ACCESS TO
PETITION THE COURTS... THE PEN AND PAPER, I'M WRITING
WITH NOW, CAME FROM MY NEIGHBOR. I AM NOT ON ANY
"PROPERTY RESTRICTION", I HAVE BEEN PLACED IN THIS CELL,
WITH "NO PERSONAL PROPERTY, NON OF MY LEGAL MATERIAL,
OR WRITING UTENSILS, I'VE BEEN FORCED TO SLEEP, WITHOUT
ANY BED LINENS, FOR NO JUSTIFIABLE REASON. THIS IS CLEAR
RETALIATION. THE REMEDY SOUGHT: IS TO BE REMOVED FROM
AROUND THESE OFFICER'S, AND THE INFLUENCE OF THIS
SUPERVISORY OFFICIAL. THE INFLUENCE OF THIS OFFICIAL
STRETCHES ACROSS THIS INSTITUTION. I REQUEST TO BE PLACED
IN A SAFE ENVIROMENT, FREE OF HARASSMENT, THREATS, AND
PHYSICAL ABUSE... I ALSO REQUEST ALL MY PROPERTY BE
RETURNED TO ME, INCLUDING ALL MY LEGAL PAPERWORK, AND
WRITING UTENSILS... I ALSO REQUEST DISCIPLINARY
MEASURE'S BE TAKEN AGAINST THIS OFFICIAL, FOR UN-JUSTIFIABLY
CONFISCATING MY PROPERTY, AND USING HIS AUTHORITY AS A
SUPERVISORY OFFICIAL, AS A WEAPON, TO RETALIATE AGAINST

(SEE PAGE 3)

"REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL"
TO: "THE SECRETARY'S OFFICE"
CONTINUED FROM PAGE #2


        ME, FOR PETITIONING THE COURTS FOR SOME
INTERVENTION.(BY TAKING ALL MY PROPERTY.) THIS OFFICIAL
"LIEUTENANT S. SWAIN," IS A NAMED DEFENDANT IS THIS CIVIL
ACTION. AND HE'S USING HIS INFLUENCE AND AUTHORITY
TO HARASS ME. AND HINDER MY ACCESS TO THE COURTS.

                         THANKS FOR YOUR TIME...


8-29-08                      Damin DQ #Y02506


* THE CASE NUMBER OF THIS ACTION IS: 3-CB-CV-761-I-32JRK

* PLEASE "PRESERVE THE CAMERA'S FOR FURTHER PROCEEDINGS."

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-33394 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Note: This grievance is not accepted as a grievance of an emergency nature.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.

The institution should be given the opportunity to respond to your issue.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

C. GREENE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11/18/08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

INFORMAL GRIEVANCE

**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST

(Instructions on Back)

Mail Number: 11-08-356
Team Number: _____
Institution: _ UCI _

| TO: (Check One) | ☒ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | ① DAMIEN D. JONES | Y02506 | V-2109 | TCU | 11-23-08 |

REQUEST INFORMAL GRIEVANCE

I AM RE-SUBMITING GRIEVANCE LOG NUMBER 08-6-33394. WHICH I SUBMITTED TO THE SECRETARY. I WAS DENIED EMERGENCY STATUS, AND WAS ORDERED TO RE-SUBMIT ON JULY 29, 2008. I FILED A CIVIL RIGHTS LAWSUIT, IN THE U.S. DISTRICT COURT, CHALLENGING THE CONDITION'S, MYSELF, AND OTHER INMATES HAVE BEEN SUBJECTED TO, SINCE BEING ADMITTED IN THE TCU UNIT. I'm WRITING THIS GRIEVANCE BECAUSE ON AUGUST 20, 2008. I WAS PULLED OUT MY CELL, WHICH WAS V-1104, AND MOVED TO U-4107. HOWEVER, MY PROPERTY AND ALL MY LEGAL MATERIAL, AND WRITING UTENSILS, WERE CONFISCATED, BY THE SECURITY PERSONNEL OFFICER'S (LT. S.E. SWAIN, AND SUBORDINATE OFFICERS) WHOM I NAMED, IN THE CIVIL ACTION. I WAS TOLD, BY THESE OFFICER'S, THEY THEY WERE GOING TO THROW, MY LEGAL MATERIAL, AND WRITING UTENSILS AWAY. BECAUSE OF MY LITIGATION IN THE COURTS. AFTER I WAS PLACED IN THE CELL, CLASSIFICATION OFFICER MS. T. MANNING (WHO'S ALSO THE "NOTARY PUBLIC" OFFICIAL) CAME INTO, U-DORMITORY, TO NOTARIZE, SOME LEGAL DOCUMENTS (SEE PAGE # 2)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

─────── DO NOT WRITE BELOW THIS LINE ───────

**RESPONSE**

DATE RECEIVED: 11-25-08

Referred to P. Jenkins for initial response 11-24-08
Referred to Captain - 2nd shift 11/24/8

LT. Swain was interviewed and denies the allegations

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _denied_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): _____ | Date: 11-25-08 |
|---|---|

Distribution: White -Returned to Inmate   Pink -Retained by official responding, or if the response is to an
Canary -Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

REQUEST FOR ADMINISTRATIVE REMEDY /INFORMAL GRIEVANCE
CONTINUED FROM PAGE # 1

THAT I WAS ORDERED TO SUBMIT, TO THE UNITED STATES DISTRICT
COURT, INSTEAD OF MS. MANNING BEING ALLOWED TO ENTER THE
QUAD. LT. S.E. SWAIN APPROACHED MY CELL-DOOR, AND SAID TO ME,
"I GUESS YOU WON'T BE NEEDING ANYTHING NOTARIZED, BECAUSE I
GOT YOUR PROPERTY, AND GUESS WHAT, WHEN I GET FINISHED WITH
YOUR PROPERTY, THEIR WON'T BE ANY LEGAL DOCUMENTS TO NOTARIZED".
(EVERY WORD SPOKEN, BY LT. S. SWAIN: A DEFENDANT IN THIS CIVIL
ACTION). I TOLD LT. S. E. SWAIN "THAT HE WAS WRONG FOR KEEPING
MY PROPERTY, AND THREATENING TO TEAR IT UP". I ASKED LT. S. E. SWAIN,
"WHY WON'T HE JUST MOVE ME, TO ANOTHER DORMITORY". LT. S. E. SWAIN
RESPONDED, "WHEN YOU GET BACK, THE STUFF I GIVE YOU, IT WILL BE ALL
TRASH, I'M GOING TO TEACH YOU, ABOUT THAT WRITING YOU'VE BEEN
DOING, AND IF I DID MOVE YOU TO ANOTHER DORMITORY, THE SAME
THING IS GOING TO HAPPEN, YOU WILL ONLY BE A PHONE CALL
AWAY. YOUR NOT SENDING OUT ANY LEGAL WORK, AND YOUR NOT RECEIVING
NON EITHER, WHETHER IN U-DORM, V-DORM, OR S-DORM, YOUR FINISHED".
(EVERY WORD SPOKEN BY LT. S. E. SWAIN)

## REMEDY SOUGHT

1. I REQUEST THAT GRIEVANCE LOG NUMBER 08-6-33394
BE RE-EVALUATED, RE-CONSIDERED, AND REVIEWED.
2. I REQUEST SWIFT, AND HARSH DISCIPLINARY ACTION
BE TAKEN AGAINST LT. S. E. SWAIN FOR UNLAWFULLY
CONFISCATING, AND DESTROYING MY LEGAL MATERIAL.

11-23-08



TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D    Y02506    UNION C.I.
      Last  First  Middle Initial    Number    Institution

Part A – Inmate Grievance

I AM APPEALING INFORMAL GRIEVANCE LOG NUMBER 11-08-356. WHICH I SUBMITTED TO THE WARDEN. THE SUBJECT MATTER WAS: SECURITY PERSONNEL ILLEGALLY AND INTENTIONALLY CONFISCATING MY LEGAL DOCUMENTS, IN THEIR ATTEMPT TO BLOCK MY ACCESS TO THE COURTS. IN RESPONSE, TO THE INFORMAL GRIEVANCE, THE OFFICIAL MERELY SAYS "LT. SWAIN, DENIES THIS ALLEGATION". I SUBMIT, THE QUAD (4) FOUR, DAYROOM CAMERA'S WILL CLEARLY SHOW ME ENTERING THE QUAD WITHOUT MY PROPERTY. THE QUAD (1) ONE CAMERA'S WILL SHOW ME LEAVING WITH MY PROPERTY. I HAVE INMATE WITNESSES (WHOM I'D LIKE TO BE INTERVIEWED). WHO WATCHED THIS INCIDENT ① FRANK JAMES D/c# 186439 ② JASON HIGGS D/c# L25693 ③ KENDRICK RAYMOND D/c# L39331; AND ④ MARVIN PACE D/c# 802617. I REQUEST ALL THESE INMATE WITNESSES BE INTERVIEWED. I REQUEST THE QUAD ONE CAMERA'S AND THE QUAD FOUR, DAYROOM CAMERA'S, OF (U) UNCLE DORMITORY, BE REVIEWED ON AUGUST 20, 2008, BETWEEN THE HOUR OF 1:00 PM - 2:00 PM. WHICH WILL CLEARLY SHOW ME EXITING QUAD ONE, WITH MY PROPERTY, AND MINUTES LATER, ENTER QUAD FOUR WITHOUT MY PROPERTY... SO THEREFORE, I'M RE-SUBMITTING INFORMAL GRIEVANCE LOG NUMBER 11-08-356, FOR FURTHER INVESTIGATION AND ACTION.
    ON AUGUST 20, 2008, I WAS PULLED OUT MY CELL (WHICH WAS U-1104, AND I WAS TOLD I WAS BEING MOVED TO QUAD FOUR 4107. I PACKED-UP ALL MY PROPERTY, AND WAS THEN ESCORTED OUT INTO THE HALLWAY. I WAS TOLD BY OFFICER WALKER, THAT LT.S.E. SWAIN, TOLD HIM TO CONFISCATE ALL MY PROPERTY. AFTER ADVISING OFFICER WALKER OF AN UP-COMING DEAD-LINE. HE CONTINUED TO TELL ME, PER LT.S.E. SWAIN'S ORDER'S, ALL MY PROPERTY WAS TO BE CONFISCATED. LT.S.E. SWAIN CAME TO MY CELL-DOOR, AND TOLD ME PERSONALLY AFTERWARDS, THAT HE WAS AWARE, THAT I'D (SEE PAGE #2)

12-3-08
DATE

SIGNATURE OF GRIEVANT AND D.C. #    Y02506

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
                                                                          #   Signature

SEE ATTACHED

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log # 0812-213-070
                    (Date)                                        (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)           INMATE
                INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

REQUEST FOR ADMINISTRATIVE REMEDY

TO: "THE WARDEN'S OFFICE
CONTINUED FROM PAGE # 1


FILED A CIVIL LAWSUIT AGAINST HIM, AND THAT HE WAS GOING TO THROW AWAY
ALL MY LEGAL MATERIALS". IT IS A FACT THAT I FILED CIVIL LITIGATION
AGAINST LT. S.E. SWAIN AND VARIOUS OTHER OFFICIALS. HOWEVER, LT. S.E. SWAIN
FOUND OUT ABOUT THIS LITIGATION IS UNKNOWN; BUT LT. S.E. SWAIN'S
MOTIVES WERE CLEAR. HE INTENTIONALLY CONFISCATED MY LEGAL DOCUMENTS,
SOLELY TO DESTROY AND HINDER MY ACCESS TO THE COURTS. SO THEREFORE,
I'M RE-SUBMITTING INFORMAL GRIEVANCE LOG NUMBER # 11-08-356, ALONG
WITH THIS FORMAL GRIEVANCE. FOR FURTHER INVESTIGATION AND ACTION.
            * REMEDY SOUGHT *
① I REQUEST THE CAMERA PROCEEDINGS BE PRESERVED FOR FURTHER
   PROCEEDING (THE QUAD ONE DAYROOM CAMERA'S, AND QUAD FOUR CAMERA'S,
OF (U) UNCLE DORMITORY, BETWEEN THE HOUR OF 1:00PM - 2:00PM, BON
AUGUST 20, 2008.
② I REQUEST INMATE FRANK JAMES DC# 186939, ② JASON HIGGS DC# L25693, ③ KENDRICK
RAYMOND DC# L39331, AND ④ MARVIN PALE DC# 802617, BE ALL INTERVIEWED AS
INMATE WITNESSES, TO THE INCIDENT, TO GIVE CREDENCE TO THE CLAIM MADE.
③ I REQUEST AN OPPERTUNITY TO BE INVESTIGATED, BY THE INVESTIGATING
   OFFICIAL.
④ I REQUEST A THOROUGH AND IMPARTIAL INVESTIGATION INTO THESE
   FACTS
⑤ I REQUEST SWIFT, AND HARSH DISCIPLINARY ACTION, BE TAKEN
   AGAINST LT. S.E. SWAIN, AND HIS CONSPIRING SUBORDINATE OFFICERS,
   WHOM WERE ALL INVOLVED IN THIS INCIDENT (OFFICER WALKER,
   OFFICER S. TOMLINSON, AND SERGEANT A. COLEMAN)


12-3-08                                    # Y02506

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0812-213-070 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been received, reviewed and evaluated. Lt. Swain was contacted and denies your allegations. The video of this incident is not longer available for review. There is no record of any property being confiscated from you on August 20, 2008. Furthermore, you are advised that it is not within an inmate's scope of responsibility or authority to recommend disciplinary action regarding staff. Your complaint was addressed and responded to and any further action will be at the discretion of the administrative staff.

Based on the foregoing information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

C. Brown                                    S. T. Robinson


| _____ | _____ | 12/10/08 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
DEC 11 2008
UCI GRIEVANCE OFFICE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: JONES   DAMIEN D.   Y02506   UNION C.I.   (V2)
　　　Last　　First　　Middle Initial　　Number　　Institution

Part A – Inmate Grievance　　08-6-36910

I AM FILING THIS GRIEVANCE, APPEALING GRIEVANCE LOG NUMBER # 0812-213-070, WHICH I FILED TO THE WARDEN'S OFFICE. ~~SUBJ~~ SUBJECT MATTER: SUPERVISORY OFFICIAL (LIEUTENANT S.E. SWAIN) AND SUBORDINATE OFFICER'S (OFFICER WALKER, AND SERGENT A. COLEMAN) INTENTIONALLY CONFISCATING MY PROPERTY, AND DESTROYING MY LEGAL DOCUMENTS. THE RESPONDING OFFICIAL STATES "LT. SWAIN WAS CONTACTED AND DENIES YOUR ALLEGATIONS. THE VIDEO OF THIS INCIDENT IS NO LONGER AVAILABLE FOR REVIEW. THEIR IS NO RECORD OF ANY PROPERTY BEING CONFISCATED FROM YOU ON AUGUST 20,2008."

I SUBMIT, THAT ONCE AGAIN LT. SWAIN WAS ONLY INTERVIEWED, ONLY HIS STATEMENT WAS CONSIDERED IN THE DENIAL OF MY GRIEVANCE. THE RESPONDING OFFICIAL SAYS, "THEIR IS NO RECORD OF ANY PROPERTY BEING CONFISCATED AUGUST 20,2008.

I WAS SPECIFICALLY TOLD BY LT. SWAIN "THAT HE WAS GOING TO DESTROY MY LEGAL DOCUMENTS, AND HE DID". ALL MY LEGAL DOCUMENTS WERE DESTROYED.

I SPECIFICALLY ASKED "THAT THE INMATE WITNESSES," LISTED IN THE "REMEDY SOUGHT SECTION", BE INTERVIEWED, AND THAT THEIR STATEMENTS BE TAKEN. THESE WITNESSES HEARD LT. SWAIN TELL ME, HE WAS GOING TO DESTROY MY LEGAL DOCUMENTS.

BEINGS THAT THE CAMERA PROCEEDINGS ARE NOT AVAILABLE. THE LISTED "INMATE WITNESSES" NEED TO BE INTERVIEWED. THEY HAVE PERTINENT INFORMATION, NECESSARY TO GIVE CREDENCE TO MY CLAIMS.

SO THEREFORE, I'M RE-SUBMITTING FORMAL GRIEVANCE LOG NUMBER # 0812-213-070, AND INFORMAL GRIEVANCE LOG NUMBER # 11-08-356 FOR REVIEW, EVALUATION, AND FURTHER CONSIDERATION. (SEE PAGE # 2)

12-15-08
DATE

　　　　　　　　　　　　　　# Y02506
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ① 000

INSTRUCTIONS　Lt. Swain 10b　　Signature 0812-213-070　213

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 12/18/08　Institutional Mailing Log #: 114778　　　　　RW
　　　　　　　　　(Date)　　　　　　　　　　　　　　　　　　　　　　　(Received By)

DISTRIBUTION:　INSTITUTION/FACILITY　　　　　CENTRAL OFFICE
　　　　　　　INMATE (2 Copies)　　　　　　　INMATE
　　　　　　　INMATE'S FILE　　　　　　　　INMATE'S FILE - INSTITUTION/FACILITY
　　　　　　　INSTITUTIONAL GRIEVANCE FILE　　CENTRAL OFFICE INMATE FILE

Request For Administrative Remedy
Continued From Page #1

On August 20, 2009, I was pulled out my cell, which was U-1104, and moved to U-4107. My personal property, and all my legal material, and writing utensils, were confiscated, by the security officer's (Lieutenent S.E. Swain and subordinate officers). Whom I named, in the civil action. I was told, by these officer's. Specifically, Lt. S.E. Swain, "that he was going to throw my legal material, and writing utensils away". (Which he did do!) Because of my litigation in the courts, against him. After I was placed in the cell, classification officer "Ms. T. Manning (who's the "Notary Public" official) came into, U-Dormitory, to notarize, some legal documents, that I was ordered to submit, to the United States District Court, instead of Ms. T. Manning being allowed to enter the quad. Lt. S.E. Swain approached my cell-door, and said to me, "I guess you won't be needing anything notarized, because I got your property, and guess what, when I get finished with your property, their won't be any ~~legal~~ legal documents to notarize." (Every word spoken, by Lt. S.E. Swain). I told Lt. S.E. Swain "that he was wrong for keeping my property, and threatening to tear it up". I asked Lt. S.E. Swain, "why won't he just move me, to another dormitory". Lt. S.E. Swain responded, "when you get back, the stuff I give you, it will be all trash, I'm going to teach you, about that writing you've been doing, and if I did move you to another dormitory, the same thing is going to happen, you will only be a phone-call away. Your not sending out any legal work, and your not receiving non either, "whether in U-Dorm, V-Dorm, or S-Dorm, your finished". (Every word spoken by: Lt. S.E. Swain).

The statements made by Lt. S.E. Swain is the key to the claims made. The camera proceedings I requested to be reviewed, will only show me exiting quad (1) one, with my property, and minutes later, enter quad (4) four, without

(see page #3)

Request For Administrative Remedy
Continued From Page # 2


My Property. The Inmates Witnesses Listed Below, Heard The
Statements Made By Lt. S.E. Swain.

   I Requested In Grievance Log # 08-6-33394, That The
Camera Proceedings Be Preserved For Further Proceedings, And
They Weren't Retained.

   So Instead Of Relying Mainly On My Word, I Request
All The Below Named Witnesses Be Interviewed, And Statements Taken.

                 ✱ Remedy Sought ✱
✱ ① I Request Inmate ① Frank James DIC# 186639 ② Jason Higgs DIC# L25693,
③ Kendrick Raymond DIC# L39331, And ④ Marvin Pace DIC# B02617 ... Be All
Interviewed, And Statements Be Taken From Them; To Give Credence
To The Claim Made.
✱ ② I Request An Impartial Investigation, Where ALL The Facts,
And Information Gathered, And Appropriate Action Be Taken,
To Deter This Type Of Behavior, And Treatment In The Future.

                         Thanks

                         D— D Q # Y02506

12/15/08

JAN 0 9 2009

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-36910 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

J. ADAMS

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1/7/09 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

GRIEVANCES PERTAINING TO NURSE BESTOSO REFUSING MEDICAL TREATMENT.

1. FORMAL GRIEVANCE # 0812-213-285 - TO THE WARDEN'S OFFICE
2. FORMAL GRIEVANCE # 09-6-01217 - TO THE SECRETARY'S OFFICE

OF MEDICAL NATURE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D.     Y02506     UNION C.I.
      Last  First  Middle Initial      Number       Institution

Part A – Inmate Grievance

I AM FILING THIS GRIEVANCE TO ASSERT A COMPLAINT AGAINST MEDICAL NURSE M. BESTOSO, FOR INTENTIONALLY DENYING ME AN ADEQUATE MEDICAL EXAMINATION, AND TREATMENT. AFTER I'D BEEN PHYSICALLY ASSUALTED BY SECURITY OFFICER'S.

ON OCTOBER 10, 2008. WHILE HOUSED IN THE TCU UNIT, HERE AT UNION C.I. I WAS IN THE "MEDICAL HOLDING CELL", AFTER I'D BEEN SEEN AND INTERVIEWED BY PSYCHIATRIST DR. KAUFMAN. I WAS PLACED "SELF-HARM OBSERVATION STATUS (SHOS). WHILE SITTING IN THE HOLDING CELL. I WAS PHYSICALLY ASSUALTED BY LT.S.E. SWAIN, OFFICER J.CREWS AND OFFICER J.V. DAVIS. I WAS KICKED AND STOMPED. BY THESE OFFICER'S AND I WAS PUNCHED IN THE FACE, WITH CLOSED FISTS, BY THESE OFFICERS.. I WAS ASSUALTED BY THESE OFFICER'S AGAIN, WHEN I WAS RETURNED TO MY CELL.

AFTER FILING A GRIEVANCE, REPORTING THESE ACTS, BY THESE OFFICER'S ON OCTOBER 14, 2008. WHILE HOUSED IN MY CELL (U-4101) NURSE M. BESTOSO APPROACHED MY CELL-DOOR, AND TOLD ME, "I'M SUPPOSED TO BE PULLING YOU OUT FOR A PHYSICAL EXAMINATION, BUT YOU LOOK FINE TO ME". I TOLD NURSE M.BESTOSO, "THAT I WANTED A PHYSICAL EXAMINATION. NURSE M.BESTOSO RESPONDED, "YOU DON'T NEED TO COME OUT". HE THEN WALKED AWAY...

I WAS NOT PULLED OUT FOR AN PHYSICAL EXAMINATION. I DON'T KNOW WHAT NURSE M.BESTOSO DOCUMENTED, BUT HE REFUSED TO PULL ME OUT.

✱ REMEDY SOUGHT ✱

1. I REQUEST THAT SOME ACTION, BE TAKEN AGAINST NURSE M. BESTOSO FOR REFUSING TO PULL ME OUT, FOR A PHYSICAL EXAMINATION OF MY INJURIES, LEAVING ME TO SUFFER IN PAIN.           (SEE PAGE # 2)

12-16-08                              # Y02506
DATE                    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY
EXTENSIONS: SEE ATTACHED
RESPONSE                              
                                      #        Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____     Institutional Mailing Log #: 08-13-313-985
                         (Date)                                              (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

OF MEDICAL NATURE

## Request For Administrative Remedy
Continued From Page #1

(LET IT BE NOTED:) THAT WHILE STANDING TO MY CELL-DOOR, ON OCTOBER 14, 2008. NURSE M. BESTOSO ALSO TOLD ME, " BEINGS THAT LT. SWAIN, AND CREWS BEAT YOU UP ONCE, WHILE YOU WERE OUT SEEING THE DOCTOR, IT MAY NOT BE A GOOD IDEA FOR YOU TO COME BACK OUT, BECAUSE THEY'RE WORKING TODAY". THAT'S WHEN I RESPONDED "THAT I WANTED A PHYSICAL EXAMINATION".

✗ I REQUEST A FULL INVESTIGATION, INCLUDING THE REVIEWING OF MY MEDICAL FILE, TO DETERMINE WHAT JUSTIFICATION NURSE M. BESTOSO USED FOR REFUSING TO PULL ME OUT FOR EXAMINATION.

12-16-08                                    # YD2506

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0812-213-285 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #0812-213-285

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Per review of your medical record you did not verbalize any medical complaints on the date in question. Mr. Bestoso, EMT denies your allegations as stated.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

J. Aviles, CHO                    S. T. Robinson, Assistant Warden

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12/30/08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED
3. .09
UCI GRIEVANCE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED

JAN 09 2009

DEPARTMENT OF CORRECTION
INMATE GRIEVANCES

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D.        Y62506        UNION C.I.    (V2)
      Last   First   Middle Initial        Number        Institution

<u>Part A – Inmate Grievance</u>      04-6-01217

I AM FILING THIS GRIEVANCE APPEALING FORMAL GRIEVANCE LOG NUMBER # 0812-213-265. WHICH I SUBMITTED TO THE WARDEN'S OFFICE. THE SUBJECT MATTER: "MEDICAL NURSE M. BESTOSO, INTENTIONALLY DENYING ME AN ADEQUATE MEDICAL EXAMINATION, AND TREATMENT, AFTER I'D BEEN PHYSICALLY ASSAULTED BY SECURITY OFFICERS.

THE RESPONDING OFFICIAL STATES, "PER REVIEW OF YOUR MEDICAL RECORD, YOU DID NOT VERBALIZE ANY MEDICAL COMPLAINTS ON THE DATE IN QUESTION. MR. BESTOSO, EMT, DENIES YOUR ALLEGATIONS."

I SUBMIT, "THAT JUST AS I STATED, NURSE M. BESTOSO, REFUSED TO PULL ME OUT, FOR AN MEDICAL EXAMINATION". NURSE M. BESTOSO, STOOD TO MY CELL-DOOR, DURING A MEDICAL ROUND, AND "TOLD ME," I'M SUPPOSED TO BE PULLING YOU OUT FOR A PHYSICAL EXAMINATION, BUT YOU LOOK FINE TO ME." I TOLD NURSE M. BESTOSO, EVEN AFTER HE WARNED ME OF THE POSSIBLE DANGER OF CONFRONTING MY ASSAILANTS AGAIN (WHICH WERE LT. S.E. SWAIN, AND HIS SUBORDINATES). NURSE M. BESTOSO SAID "BEING LT. S.E. SWAIN BEAT YOU UP ONCE, WHILE YOU WERE OUT SEEING THE DOCTOR, IT MAY NOT BE A GOOD IDEA FOR YOU TO COME BACK OUT, BECAUSE THEY'RE WORKING TODAY". I REQUESTED A PHYSICAL EXAM, AND TREATMENT, NUMEROUS TIMES, BUT NURSE M. BESTOSO REFUSED TO PULL ME OUT.

✱ REMEDY SOUGHT ✱

① NURSE M. BESTOSO REFUSED TO PULL ME OUT FOR AN EXAMINATION AND TREATMENT. I WAS FORCED TO SUFFER IN PAIN, AS A RESULT OF THIS TREATMENT: DENIAL OF TREATMENT AND EXAMINATION.

② I REQUEST SOME ACTION BE TAKEN, TO DETER THIS TYPE BEHAVIOR, IN THE FUTURE...

1-4-09          SEE ATTACHED          ⟨signature⟩ # Y62506
DATE            RESPONSE              SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ⟨0, 000⟩
                                                                        #    Signature

MAILED / FILED
WITH AGENCY CLERK

FEB 2 3 2009

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 09-6-01217 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

Please be advised that this office can not corroborate your allegations against the health care staff.

It is determined that the response made to you by Dr. Aviles on 12/30/08 appropriately addresses the issues you presented.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Tournay, IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2/19/09 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

## GRIEVANCES PERTAINING TO WATER SUPPLY BEING CUT-OFF

1. EMERGENCY FORMAL GRIEVANCE # 0808-213-317 — TO THE WARDEN'S OFFICE
2. INFORMAL GRIEVANCE # 9-2008-113 — TO THE ASSISTANT WARDEN'S OFFICE
3. FORMAL GRIEVANCE # 0811-213-281 — TO THE WARDEN'S OFFICE
4. FORMAL GRIEVANCE # 08-6-35480 — TO THE SECRETARY'S OFFICE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D          Y02506          UNION C.I.
_____
   Last    First    Middle Initial          Number          Institution

| ⭒ EMERGENCY GRIEVANCE ⭒    Part A – Inmate Grievance   ⭒ EMERGENCY GRIEVANCE ⭒ |
| --- |

I'M FILING THIS GRIEVANCE, OF AN EMERGENCY NATURE, TO ASSERT A COMPLAINT AGAINST SECURITY PERSONNEL. FOR CUTTING OFF "ALL" RUNNING WATER TO MY CELL. FOR THE LAST (2) TWO DAYS, DURING THE 4-12 PM SHIFT. SECURITY PERSONNEL OFFICER'S HAVE BEEN CUTTING OFF ALL THE DRINKING WATER, AND TOILET WATER, IN MY CELL. I'VE BEEN SUFFERING SEVERE HEADACHES, AND DIZZINESS, AS A RESULT, OF THIS HARASSMENT. I HAVE BEEN FORCED TO LIVE WITH A TOILET FULL OF "FECES" AND "URINE", AS A RESULT... FOR THE LAST (2) TWO HOURS, I'VE BEEN UNABLE TO STAND, BECAUSE OF THE LIGHT-HEADEDNESS, ON 8-25-08, AND 8-26-08. WHILE HOUSED IN THE "MENTAL HEALTH TRANSITIONAL CARE UNIT, HERE IN U-DORMITORY. THE WATER SUPPLY LEADING TO MY CELL HAS BEEN CUT OFF. THE SAME OFFICER'S HAVE BEEN PRESENT BOTH DAYS, AND THEY ARE: SERGEANT SMITH, OFFICER MEMNON, OFFICER DONALDSON, ALL THESE OFFICER'S WORK THE 4-12 PM SHIFT.

⭒ REMEDY SOUGHT ⭒

THE REMEDY SOUGHT, IS TO CLEARLY HAVE THE CAMERA'S REVIEWED AROUND THE PERIMETER OF THE DORMITORY TO DETERMINE WHO CUT MY WATER SUPPLY OFF (ON 8-26-08, MY WATER SUPPLY WAS CUT OFF, BETWEEN THE HOURS OF 7:45 PM - 8:45 PM).. ALSO, TO HAVE THESE OFFICER'S TO CEASE THEIR HARASSMENT OF ME, BY CUTTING MY WATER SUPPLY OFF... I ALSO, REQUEST APPROPRIATE DISCIPLINARY MEASURES BE TAKEN AGAINST SAID, OFFICER THAT'S REVEALED, TAMPERING WITH MY WATER SUPPLY.

THANKS          **SEE ATTACHED**
                **RESPONSE**

8-26-08                          D. D.    ⭒ Y02506
_____                 _____
DATE                            SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
                                                                              #        Signature

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0808-213-317 | UNION C.I. | U4102L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

NOT AN EMERGENCY
Investigation into your complaint reflects that you have not filed this DC1-303 according to Chapter 33-103.014(1)(f)&(g). Grievances of those matters which, if disposed of according to the regular time frames, would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm to the inmate, is the definition of an Emergency Grievance, per Chapter 33-103.002(4). You have not shown that this would occur in the direct filing of this Grievance.

If you are within the time frames for doing such, you may resubmit your appeal utilizing the Informal Grievance Process first.   If you are not satisfied with that response, you will have **(15)** Days in which to file a Formal Grievance.  Be sure to attach a copy of the Informal Grievance with the response when you file.

Based on the foregoing, this grievance is returned without disposition.

Note: Officer Donaldson denies your allegations.  If you need medical assistance you should access medical via sick call.

C. Brown                                    M. Hicks

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN. OR SECRETARY'S REPRESENTATIVE | 8-29-08 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**MAILED**

AUG 29 2008

**UCI GRIEVANCE OFFICE**

*INFORMAL GRIEVANCE*

**RECEIVED** STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

~~INMATE REQUEST~~

SEP 09 2008 (Instructions on Back)

ASSISTANT WARDEN'S OFFICE

Mail Number: _____
Team Number: _____
Institution: _____ U.C. I

| TO: (Check One) | ☐ Warden ☒ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other | 9-2008-113 |
|---|---|---|---|---|---|

| FROM: | Inmate Name DAMIEN J. JONES | DC Number Y22906 | Quarters V-4X2 | Job Assignment TLU | Date 9-9-08 |
|---|---|---|---|---|---|

~~REQUEST~~ *INFORMAL GRIEVANCE*

I'm RE-FILING THIS GRIEVANCE, TO ASSERT A COMPLAINT AGAINST SECURITY PERSONNEL. I ORIGINALLY FILED AN "EMERGENCY GRIEVANCE" THAT WAS RETURNED WITH ORDER'S TO RE-SUBMIT AN INFORMAL GRIEVANCE. THIS COMPLAINT IS BEING MADE BECAUSE SECURITY PERSONNEL CUT-OFF THE WATER SUPPLY TO MY CELL, HINDERING ANY DRINKING WATER, OR THE ABILITY TO FLUSH MY TOILET, FOR (2) TWO DAYS... ON 9-25-08 AND 9-26-08 WHILE HOUSED IN V DORMITORY CELL #V102. MY WATER SUPPLY IN MY CELL WAS CUT OFF. IT WAS INITIALLY CUT OFF ON ~~THE~~ 8-25-08 (BETWEEN THE HOUR OF 5:00-6:00 PM AND WAS NOT CUT BACK ON ALL NIGHT, UNTIL 8-26-08. IT WAS CUT BACK ON 9-26-08 (BETWEEN THE HOUR OF 9:00AM-10:00AM) ON 9-26-08, MY WATER SUPPLY WAS CUT BACK OFF (BETWEEN THE HOUR OF 4:30PM-5:30PM). MY WATER SUPPLY THEN STAYED OFF, FOR 48 HOURS STRAIGHT. MY BRM COUNSELOR "MR. KEITH" ATTEMPTED TO GET SECURITY PERSONNEL TO TURN MY WATER BACK ON, BUT THEY (SEE PAGE #2)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

---

**RESPONSE**                    DATE RECEIVED: 9/16/08

Refer to Capt. Taylor for review - copy response to AWO. L. Polhill RD 9-9-08

Sgt Smith was interviewed and he stated that your water was not turned off on the third shift. He further stated that he had no knowledge of your water being off. If your water was not working you should have advised security staff of the issue. The video cameras do not monitor the area's that control the water and therefore were not reviewed.

|The following pertains to informal grievances only:

Based on the above information, your grievance is ___Denied___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): LT J. Cull | Date: 9/16/08 |
|---|---|

Distribution:  White  -Returned to Inmate
         Canary  -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

"INFORMAL GRIEVANCE"
CONTINUED FROM PAGE #1

.. CONTINUED TO IGNORE HIM. AND LEFT MY WATER
SUPPLY OFF, WITH NO JUSTIFICATION.
          IN RESPONSE, TO "EMERGENCY GRIEVANCE" (LOG
NUMBER : 0808-213-317. THE RESPONDING PARTY SAYS," OFFICER
DONALDSON DENIES YOUR ALLEGATIONS, IF YOU NEED MEDICAL ASSISTANCE
YOU SHOULD ACCESS MEDICAL VIA SICK-CALL".. FIRST OF ALL, I
NEVER" SAID "OFFICER DONALDSON " DID ANYTHING. MY EXACT
WORDS WERE " THE SAME OFFICER'S HAVE BEEN PRESENT BOTH DAYS
MY WATER SUPPLY WAS CUT-OFF, AND THEY ARE : SERGEANT SMITH,
OFFICER MEMNON, AND OFFICER DONALDSON".. IN THE REMEDY
SOUGHT SECTION, I REQUESTED THAT THE CAMERA'S BE REVIEWED
TO DETERMINE WHO THE OFFICER IS.
          REMEDY SOUGHT
     I REQUEST THE CAMERA'S BE REVIEWED AROUND THE
PERIMETER OF THE DORMITORY TO DETERMINE WHO CUT MY
WATER SUPPLY OFF (DURING THE EARLIER MENTIONED TIMES).
ONCE THE NAME OF THE OFFICER IS FOUND OUT. I REQUEST
IMMEDIATE DISCIPLINARY ACTION BE TAKEN...

9-8-08                          Don D.Q #Y02506

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: JONES DAMIEN D     YO2506     UNION C.I.
      Last   First   Middle Initial     Number     Institution

---

Part A – Inmate Grievance

I'm FILING THIS GRIEVANCE, APPEALING INFORMAL GRIEVANCE, LOG
NUMBER #9-2008-113. WHICH I SUBMITTED TO THE ASST. WARDEN'S
OFFICE. THE SUBJECT MATTER WAS BECAUSE SECURITY PERSONNEL
INTENTIONALLY TURNED MY RUNNING WATER SUPPLY TO MY ❶ CELL, OFF
FOR (2) TWO FULL DAYS. DENYING ME THE OPPERTUNITY TO DRINK SOME
WATER, OR FLUSH MY TOILET, DURING THAT DURATION... THE RESPONDING
OFFICIAL TO THE GRIEVANCE WAS LIEUTENENT ALLEN, AND HIS
RESPONSE WAS "SGT. SMITH WAS INTERVIEWED AND HE STATED THAT YOUR
WATER WAS NOT TURNED OFF ON THE THIRD SHIFT. HE STATES "THAT HE
HAD NO KNOWLEDGE OF MY WATER BEING OFF, AND THAT I SHOULD HAVE
ADVISED STAFF THAT ❶ MY WATER WAS NOT WORKING". IN THE INFORMAL
GRIEVANCE, I ASKED STAFF, IN THE REMEDY SOUGHT, "TO REVIEW THE
CAMERA'S AROUND THE PERIMETER OF THE DORMITORY, TO DETERMINE
WHO CUT MY WATER SUPPLY OFF. MY WATER WAS CUT OFF BETWEEN
THE HOUR OF 4:30PM-5:30PM (ON 8-26-08). THE CAMERA WILL
VISUALLY SHOW WHAT STAFF MEMBER, WALKED AROUND THE DORMITORY
PERIMETER DURING THAT TIME. I'M AWARE THAT THEIR ARE NO CAMERA'S
IN THE AREA THAT THE WATER CONTROLS ARE. BUT THE PERIMETER CAMERA WILL
IDENTIFY THE PARTY, GOING THAT WAY, DURING THAT TIME.
          ✱ REMEDY SOUGHT ✱
① I REQUEST THE CAMERA'S BE REVIEWED AROUND THE DORMITORY
PERIMETER, DURING THE ABOVE-MENTIONED TIMES. TO DETERMINE
WHAT STAFF MEMBER, WALKED TOWARDS THE DORMITORY WATER
CONTROL AND TURNED MY WATER OFF.
② I REQUEST DISCIPLINARY ACTION AGAINST THE GUILTY PARTY.

11-20-08        ✱ PLEASE PRESERVE THE     _____ YO2506
   DATE         CAMERA PROCEEDING FOR     SIGNATURE OF GRIEVANT AND D.C. #
                THE ABOVE MENTIONED DATES
                FOR FURTHER PROCEEDINGS
*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY
EXTENSIONS:
                                              ___/___
                                              #    Signature

SEE ATTACHED
RESPONSE

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____
                    (Date)
Institutional Mailing Log #: D811-213-281

                                    _____
                                    (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY     CENTRAL OFFICE
               INMATE (2 Copies)        INMATE
               INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                        CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

## PART B - RESPONSE

| JONES, DAMIEN | Y02506 | 0811-213-281 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The response that you received on the informal grievance has been reviewed and is found to appropriately address the concerns that you raised.

Based on the foregoing, your request for administrative remedy is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

P. Jenkins                    L. Polhill

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11/26/08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED
DEC 01 2008
UCI GRIEVANCE OFFICE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: JONES, DAMIEN D    Y02506    UNION C.I.    (V2)
Last    First    Middle Initial    Number    Institution

Part A – Inmate Grievance    08-6-3548C

I AM FILING THIS GRIEVANCE, APPEALING FORMAL GRIEVANCE LOG NUMBER #
0811-213-281. WHICH I SUBMITTED TO THE WARDEN SEEKING RELIEF. THE SUBJECT
MATTER WAS AN UNKNOWN SECURITY OFFICER TURNING OFF ALL THE WATER
SUPPLY LEADING TO MY CELL. MY WATER WAS KEPT OFF FOR (2) TWO FULL
DAYS. THIS WAS DONE INTENTIONALLY. DENYING ME THE OPPERTUNITY TO DRINK
SOME WATER OR FLUSH MY TOILET FOR THAT DURATION. THE SUPERVISORY
OFFICIALS, AND RESPONDING OFFICIALS TOOK NO APPROPRIATE ACTION TO SEEK-OUT
THE RESPONSIBLE OFFICIAL, WHO TURNED MY WATER... IN INFORMAL GRIEVANCE
LOG NUMBER # 9-2008-113, IT STATES, THAT SGT. SMITH WAS INTERVIEWED AND HE
STATED THAT YOUR WATER WAS NOT TURNED OFF ON THE 3RD SHIFT. HE FURTHER
STATES THAT HE HAD NO KNOWLEDGE OF MY WATER BEING OFF, AND I SHOULD HAVE
ADVISED SECURITY STAFF OF THE ISSUE".

    I SUBMIT, SERGEANT SMITH IS LYING, WHICH LEADS ME TO
BELIEVE THAT HE WAS THE PARTY RESPONSIBLE FOR TURNING MY WATER OFF.
I ADVISED COUNTLESS SECURITY OFFICERS, MY MENTAL HEALTH PSYCHOLOGICAL
COUNSELOR "MR. KOCH" ADVISED SECURITY STAFF HEMSELF ON SEVERAL DIFFERENT
OCCAISONS, ABOUT MY WATER SUPPLY BEING OFF, FOR (2) FULL DAYS.
    I WAS REPEATEDLY HARASSED AND RETALIATED AGAINST. I REQUESTED
THAT THE OUTSIDE PERIMETER CAMERA'S FOR (U) UNCLE DORMITORY BE REVIEWED,
BETWEEN THE HOUR OF 4:30PM - 5:30PM, ON AUGUST 26, 2008. TO DETERMINE
WHAT SECURITY OFFICER WALKED AROUND THE DORMITORY PERIMETER
HEADING TOWARDS, THE WATER SUPPLY CONTROL ROOM
    ✱ REMEDY SOUGHT ✱
① I REQUEST THE CAMERA PROCEEDINGS FOR THE ABOVE-STATED DATE AND
TIME BE REVIEWED, TO DETERMINE THE GUILTY PARTY. (SEE PAGE # 2)

12-4-08    D. D. [signature] # Y02506
DATE    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY
EXTENSIONS:    0,000
    #    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103,
Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is
entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the
inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the
institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be
returned to the inmate for processing at the institutional level.

    109    213
Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 12/5/08    Institutional Mailing Log #: 114735    RW [signature] 0811-213-281
    (Date)    (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
    INMATE (2 Copies)    INMATE
    INMATE'S FILE    INMATE'S FILE - INSTITUTION/FACILITY
    INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

Request For Administrative Remedy
Continued From Page #1


② I Request Mental Health Staff Member MR. T. KOCH be interviewed
To Corroborate my allegations
③ I Request Disciplinary Action be Taken Against The named Party.

Thanks

12-4-08                                    # Y02506

JAN 1 2 2009

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-35480 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Furthermore, the institution was contacted and the supervisor of mental health advised the employee by the name of Koch no longer works for Union CI.

As such, no further inquiry could be conducted.

Your administrative appeal is denied.

S. MILLIKEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1/8/09 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

GRIEVANCE'S PERTAINING RECKLESS TREATMENT BY DOCTOR BIRT

(1) FORMAL GRIEVANCE # OBID-213-110-TO THE WARDEN'S OFFICE.
(2) FORMAL GRIEVANCE # 08-6-32265-TO THE SECRETARY'S OFFICE.

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: _Jones, Damien D._      _Y02500_      _Union C.I._

   Last   First   Middle Initial      Number        Institution

---

### Part A – Inmate Grievance

ON OCT. DEC 10, 2008. BETWEEN THE HOUR OF 4:30 pm - 5:00 pm. WHILE HOUSED IN U-DORMITORY (CELL #4101) I WAS PHYSICALLY ASSAULTED BY SEVERAL CORRECTIONAL OFFICER'S (J. CREWS, J.L. DAVIS AND LIEUTENENT S. SORIN). I ATTEMPTED TO STOP SEVERAL OFFICERS DURING SECURITY CHECKS, IN MY ATTEMPT TO GET SOME "MEDICAL ATTENTION", NON OF THE OFFICERS STOPPED TO LISTEN TO MY PLEA FOR MEDICAL ATTENTION SO DESPITE THE PAIN, I BEGAN KICKING ON THE CELL DOOR, IN MY ATTEMPT TO GET SOMEONES ATTENTION, TO GET SOME MEDICAL ATTENTION. AFTER SEVERAL MINUTES OF KICKING THE FOOD-FLAP ATTACHED TO THE CELL DOOR BROKE OPEN. DURING SHIFT CHANGE, AN OFFICER APPROACHED MY DOOR, AND ASKED ME, "WHAT WAS THE PROBLEM?" I TOLD THE OFFICER (NAME UNKNOWN) "THAT I COULD BARELY BREATHE, AND I NEEDED SOME MEDICAL ATTENTION. THE OFFICER WALKED AWAY, AND RETURNED WITH CAPTAIN TAYLOR AND LIEUTENENT ALLEN, BOTH TOLD ME, THAT I HAVE TO PUT IN A SICK-CALL REQUEST FOR MY MEDICAL COMPLAINT. BUT I HAD TO COME OUT, AND RECEIVE AN "E.T.O." (EMERGENCY TREATMENT ORDER) INJECTION. WHICH WAS ORDERED BY "DOCTOR BIRT." AS I COMPLIED WITH THE ORDER TO CUFF UP. I WAS ESCORTED TO THE "MEDICAL TREATMENT ROOM" EXPECTING TO BE INTERVIEWED BY "DOCTOR BIRT". BUT INSTEAD, SHE ONLY SIGNED AN ORDER FOR THE INJECTION, AND THEN, SHE WENT HOME. NEVER TAKING ANY TIME OUT TO INTERVIEW ME. DR. BIRT NOR ANY MEDICAL NURSES ATTEMPTED TO INTERVIEW ME, AND SEE WHAT THE PROBLEM WAS, INSTEAD SHE JEOPARDIZED MY SAFETY AND WELL BEING, BY AUTHORIZING THE CONSENT TO FORCIBLY INJECT ME, WITH THIS MEDICATION. NEVER MAKING AN ATTEMPT TO INTERVIEW ME.

### ✱ REMEDY SOUGHT ✱

THE REMEDY SOUGHT IS:

① THE TERMINATION OF DOCTOR BIRT, FROM BEING ABLE TO PRACTICE MEDICINE, ON INMATES. FOR CARELESLY, AND RECKLESSLY AUTHORIZING AN INJECTION OF FOREIGN MEDECINE, TO BE FORCIBLY INJECTED IN ME. (SEE PAGE # 2)

_10-12-08_
DATE

_____ # Y02500
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS.**

                                          #   /        Signature

Request for Administrative Remedy or Appeal
To: "The Warden's Office"
Continued From Page #1.

(2) The Termination of nurse Newman. The (LPN) nurse charged with administering the authorized injection, for failing to advise me (when I asked her) of what type of medication being injected in me, and the dosage.

* For all these thing's, I request the Termination of these medical staff official's.

10-12-08                              D-D.  #K07506

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 0810-213-110 | UNION C.I. | U4101L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #0810-213-110

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Per the Incident Reports, on this date you were highly aggressive, agitated, and dangerous to yourself and others. Dr. Birt is a psychiatrist but is not expected to endanger her life and conduct a confidential clinical interview with a highly aggressive and agitated inmate. Per procedure, it is appropriate for a psychiatrist to order the use of an ETO without a clinical interview, as often the inmate is too high a security risk to be escorted to a confidential setting for an interview.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

J. Aviles, CHO                                S. T. Robinson, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10/23/08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
OCT 27 2008
UCI GRIEVANCE OFFICE

## STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO:  ☐ Warden       ☐ Assistant Warden       ☒ Secretary, Florida Department of Corrections

From:  __JONES__   __DAMIEN  J__        __Y02506__      __UNION C.I.  V2__
    Last   First   Middle Initial      Number      Institution

---

Part A – Inmate Grievance    08-1-32265

I AM FILING THIS FORMAL GRIEVANCE, TO YOUR OFFICE, APPEALING GRIEVANCE LOG NUMBER 0810-213-110, IN WHICH, I FILED TO THE WARDEN'S OFFICE, BASED ON A MEDICAL NATURE. THE RESPONSE I RECEIVED FROM THE ASSISTANT WARDEN (MS. S.T. ROBINSON) AND CHIEF HEALTH OFFICER (DR. J. AVILES), WAS CLEARLY INADEQUATE. THE RESPONDING OFFICIAL IS CLEARLY EXAGGERATING IN THEIR ANALYSIS OF THE SITUATION. THE FACT THAT I WAS ATTEMPTING TO ALERT SOMEONE, OF MY NEED, FOR MEDICAL ATTENTION, WAS TOTALLY OVER LOOKED AND DISREGARDED. THE FACT THAT I WAS ASSUALTED AND INJURED WAS NEVER MENTIONED. THE RESPONDING OFFICIAL IS ONLY ATTEMPTING TO JUSTIFY THE NEGLIGENT ACT OF DOCTOR BIRT (PSYCHIATRIST), SO THEREFORE, I'M RE-SUBMITTING FOR CAREFUL REVIEW. I ALSO SEEK REVISION OF THE PROTOCOL (FOR ORDERING "ETO INJECTIONS") IF IN FACT, DOCTOR BIRT FOLLOWED PROTOCOL, AND IF SHE DID NOT, DISCIPLINARY ACTION BE TAKEN..

    ON, OCTOBER 10, 2008. BETWEEN THE HOUR OF 3:00PM-3:45PM. WHILE HOUSED IN V-DORMITORY (CELL #4101). I WAS PHYSICALLY ASSUALTED BY SEVERAL CORRECTIONAL OFFICER'S (OFFICER'S J. CREWS, J.U. DAVIS, AND LIEUTENENT S. SWAIN), I ATTEMPTED TO STOP SEVERAL OFFICER'S, DURING SECURITY CHECK ROUNDS, IN MY ATTEMPT TO GET SOME "MEDICAL ATTENTION", NON OF THE OFFICER'S, STOPPED TO LISTEN TO MY PLEA, FOR MEDICAL ATTENTION. DESPITE THE PAIN, I BEGAN KICKING ON THE CELL-DOOR, IN MY ATTEMPT TO GET SOMEONE'S ATTENTION, TO GET SOME MEDICAL HELP. AFTER BRIEFLY KICKING THE DOOR. THE FOOD-FLAP ATTACHED TO THE CELL-DOOR, BROKE OPEN... ATLEAST AN HOUR LATER, SEVERAL SECURITY OFFICER'S CAME ONTO THE QUAD AREA, AND DURING A SECURITY CHECK. OFFICER GRAY STOPPED TO MY CELL DOOR, AND ASKED ME, "WHAT WAS THE PROBLEM?" I EXPLAINED TO OFFICER GRAY, "THAT I'D BEEN ASSUALTED BY STAFF, ON THE SHIFT PRIOR TO HIS, AND THAT I COULD BARELY BREATHE, AND NEEDED SOME MEDICAL ATTENTION". OFFICER GRAY WALKED AWAY, AND RETURNED WITH CAPTAIN TAYLOR, AND  (SEE PAGE # 2)

__10-30-08__
DATE

__D. D. J.  #Y02506__
SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                                  #          Signature

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>
TO: "THE SECRETARY'S OFFICE"
CONTINUED FROM PAGE #1

LIEUTENENT ALLEN, BOTH OF WHOM TOLD ME, THAT I HAVE TO PUT IN
A SICK-CALL REQUEST FOR MY MEDICAL COMPLAINT. BUT I HAD TO COME
OUT, AND RECEIVE AN "E.T.O. (EMERGENCY TREATMENT ORDER) INJECTION",
WHICH WAS ORDERED BY DOCTOR BIRT. AS I COMPLIED WITH THE ORDER
TO CUFF-UP. I WAS ESCORTED TO THE "MEDICAL TREATMENT ROOM", EXPECTING
TO BE INTERVIEWED BY DOCTOR BIRT. BUT INSTEAD, SHE ONLY SIGNED AN
ORDER FOR THE INJECTION, AND SHE WENT HOME, NEVER TAKING THE TIME,
TO INTERVIEW ME. DOCTOR BIRT, NOR ANY MEDICAL NURSE'S ATTEMPTED
TO INTERVIEW ME, AND IF THEIR WAS A PROBLEM AT ALL. INSTEAD SHE
JEOPARDIZED MY HEALTH AND WELL-BEING, BY AUTHORIZING THE CONSENT TO
FORCIBLY INJECT ME, WITH THIS MEDICATION, WITHOUT ANY PRIOR INTERVIEW.
FACTS:
* DOCTOR BIRT JEOPARDIZED MY SAFETY, BY TAKING THE WORD, OF
AN UN-TRAINED MENTAL HEALTH STAFF MEMBER (SECURITY PERSONNEL)
SAYING I WAS HIGHLY AGGRESSIVE AND AGITATED... WITHOUT CONDUCTING
A PERSONAL INTERVIEW, OR CELL-FRONT INTERVIEW, EVEN IF SECURITY
DOES DESIGNATE THE INMATE TO BE A SECURITY RISK, AND BE ESCORTED
ANYWHERE. A DOCTOR SHOULD STILL INTERVIEW THE INMATE AT CELL-FRONT.
         * REMEDY SOUGHT *
THE REMEDY SOUGHT IS:
① THE TERMINATION OF DOCTOR BIRT, FROM BEING TO PRACTICE MEDICINE
ON INMATE'S, FOR CARELESSLY AUTHORIZING AN INJECTION OF FOREIGN MEDICINE
TO BE FORCIBLY INJECTED IN ME.
② THE POLICY FOR AUTHORIZING AND ADMINISTERING "ETO INJECTIONS"
BE REVISED, TO AUTHORIZE ANY DOCTOR, PRIOR TO ORDERING ANY INJECTION
ENTERVIEW THE INMATE, PERSONALLY OR AT-CELL FRONT, TO PHYSICALLY
OBSERVE IF AN INMATES BEHAVIOR, WARRANTS AN INJECTION...
10-30-08.                           Da D.O. #Y02506

DEC 0 2 2008

**PART B - RESPONSE**

| JONES, DAMIEN | Y02506 | 08-6-32265 | UNION C.I. | V2109L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

The Assistant Director of Mental Health, Dr. Pittman also reviewed your appeal.

It is determined that the response made to you by Dr. Aviles on 10/23/08 appropriately addresses the issues you presented.

Records reviewed indicate that the use of the Emergency Treatment Order was in accordance with Florida Department of Corrections policy and procedures.

Please be advised that inmates do not have the authority to dictate disciplinary action on a health care staff member.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Tournay, IISC

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding